Lisa M. Gilford (State Bar No. 171641)
Christine J. Roberts (State Bar No. 265396)
**ALSTON & BIRD LLP**
333 South Hope Street
Sixteenth Floor
Los Angeles, California 90071
Telephone:   (213) 576-1000
Facsimile:    (213) 576-1100
lisa.gilford@alston.com
christine.roberts@alston.com

Attorney for Defendant
**AARON'S, INC.**

```
                    FILED
          CLERK, U.S. DISTRICT COURT

              APR  1 7 2013

    CENTRAL DISTRICT OF CALIFORNIA
    BY                      DEPUTY
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHAEL WINSLOW and FONDA WINSLOW, Individually, and on behalf of all similarly situated persons<br><br>        Plaintiffs,<br><br>    v.<br><br>SULTAN FINANCIAL CORPORATION d/b/a "Aaron's Sales and Leasing", a franchisee of AARON'S, INC.; AARON'S, INC. d/b/a "Aaron's Sales and Lease Ownership", JOHN DOES (1-10) AARON'S FRANCHISEES; and DESIGNERWARE, LLC<br><br>        Defendants. | Case No. CV13-02684 MWF (SHx)<br><br>**AARON'S INC'S NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT**<br><br>[Filed concurrently with Civil Cover Sheet; Fed. R. Civ. P. 7.1 Disclosure Statement; and Notice of Interested Parties]<br><br>Filing Date:  April 17, 2013 |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Aaron's, Inc. ("Aaron's") hereby gives notice of its removal of this action from Los Angeles County Superior Court, State of California, to the United States District Court for the Central District of California. In support of its Notice of Removal, Aaron's shows the Court as follows:

## I.   BACKGROUND

1.   Plaintiffs Michael and Fonda Williams (collectively "Plaintiffs") filed this case against Aaron's, Sultan Financial Corporation ("Sultan"), and DesignerWare, LLC ("DesignerWare") in Los Angeles County Superior Court, State of California (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all processes, pleadings, and orders served upon or received by Aaron's in the State Court Action is attached hereto as Exhibit "A."

2.   Plaintiffs assert claims against Aaron's and the other defendants for alleged violations of California Penal Code § 631, California Penal Code § 632, California Penal Code § 637.7, California Penal Code § 635[1], California Penal Code § 502, and California Business and Professions Code § 17200. Compl. ¶¶ 67 - 184. Plaintiffs bring this case as a putative class action. Plaintiffs seek to certify a class consisting of "[a]ll customers of the Aaron's Defendants who reside in the State of California, who have purchased, leased, rented, or rented to own, Aaron's computers and any individual who used said computers whose electronic communications and/or images were intercepted, accessed, monitored, and/or transmitted by Defendants via PC Rental Agent® or other devices or software without the customer's authorization." Compl. ¶ 23.

3.   Plaintiffs served Aaron's with a Summons and a copy of the Complaint on March 19, 2013.

---

[1] Plaintiffs assert this claim only against Defendant DesignerWare, LLC.

II.     **JURISDICTION EXISTS UNDER CAFA**

4.      This Court has jurisdiction over this matter under the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (2005) ("CAFA"), 28 U.S.C. § 1332(d).

5.      Under CAFA and pursuant to 28 U.S.C. § 1332(d)(2), this Court has original jurisdiction over class actions (i) where the number of putative class members is not less than 100; (ii) where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs;" and (iii) where "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2).

6.      This action satisfies all the requirements under CAFA for federal jurisdiction.

A.      **The Amount in Controversy Exceeds $5,000,000, Exclusive of Interest and Costs.**

7.      Plaintiffs' Complaint establishes the requisite amount in controversy under the theories of liability pled and damages sought.

8.      For three of Plaintiffs' claims – California Penal Code § 631, California Penal Code § 632, and California Penal Code § 637.7 – Plaintiffs seek for themselves and for each putative class member *at least* $5,000 from each of the three named Defendants.  For each of these claims, Plaintiffs expressly allege that "Plaintiffs and each member of the Class are entitled to statutory damages of Five Thousand Dollars ($5,000.00) or treble damages, whichever is greater, from each of the Defendants. . . ." Compl. ¶¶ 89, 112, 135; *see also* Compl. Prayer for Relief E (praying "[f]or judgment against Defendants ordering them to pay civil damages to Plaintiffs and the Class"). Thus, Plaintiffs plead that they are entitled to – at a minimum – $15,000 per putative class member for each of these three claims, resulting in an amount in controversy of $45,000 per putative class member for these three claims alone.

9.      Plaintiffs have alleged that there are "greater than 500 hundred" putative class members, meaning they have alleged at least 501 class members.  Compl. ¶ 24.

10.   Thus, Plaintiffs have alleged an amount in controversy – at a minimum – of $22,545,000 ($45,000 x 501 class members).

11.   Because an amount in controversy of $5 million is readily deducible from Plaintiffs' Complaint, CAFA's amount in controversy requirement is satisfied.

**B.   The Putative Class Exceeds 100 People**

12.   Plaintiffs have alleged a class of "greater than five hundred individuals." Compl. ¶ 24.

13.   Accordingly, the putative class as alleged necessarily contains more than 100 members.

**C.   Members of the Putative Class are Citizens of a State Different Than Aaron's.**

14.   The minimum diversity of citizenship criteria under CAFA requires that any member of the putative class must be a citizen of a state different from that of any defendant.  28 U.S.C. § 1332(d)(2)(A).

15.   Here, Plaintiffs allege that they are residents of Kern County, California. Compl. ¶¶ 7-8.

16.   Plaintiffs admit that Defendant Aaron's is a Georgia corporation with its principal place of business in Atlanta, Georgia.  Compl. ¶ 12.

17.   Title 28 U.S.C. § 1332(c)(1) provides that, for purposes of CAFA, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

18.   Accordingly, under the plain language of CAFA, Aaron's is not a citizen of the State of California.

19.   Because Plaintiffs are citizens of a State (California) different from that of Aaron's, the minimum diversity of citizenship criteria under CAFA is satisfied.

**D.   The CAFA Exceptions to Jurisdiction Are Inapplicable In This Case.**

20.   Although there are certain limited exceptions to federal subject matter jurisdiction set forth in 28 U.S.C. § 1332(d)(3) and §§ 1332(4)(A)-(B), these

3

1    exceptions do not apply in this case. [2]

2          21.    Section 1332(d)(3) provides that a district court may, in the interest of

3    justice and looking at the totality of the circumstances, decline to exercise jurisdiction

4    in a case where certain enumerated criteria are satisfied, but only where "the primary

5    defendants are citizens of the State in which the action was originally filed."   28

6    U.S.C. § 1332(d)(3).   As stated above, 28 U.S.C. § 1332(c)(1) provides that, for

7    purposes of CAFA, "a corporation shall be deemed to be a citizen of any State by

8    which it has been incorporated and of the State where it has its principal place of

9    business."

10         22.    Because Aaron's is not a resident of California, the state where the

11   original action was filed, § 1332(d)(3) is inapplicable.

12         23.    Likewise,   §   1332(d)(4)(A)-(B)   require   a   district   court   to   decline

13   jurisdiction   in   certain   enumerated   circumstances.    The   exception   under   §

14   1332(d)(4)(A), however, does not apply when another "class action has been filed

15   asserting the same or similar factual allegations against any of the defendants on

16   behalf of the same or other persons" in the three years preceding the filing of the

17   instant complaint. *See* 28 U.S.C. § 1332(d)(4)(A)(ii). Here, Plaintiffs' counsel in this

18   case filed a nationwide class action based on "similar factual allegations" against

19   Aaron's and DesignerWare on May 4, 2011, less than two years ago. *See Byrd et al.*

20   *v. Aaron's, Inc. et al.*, in the United States District Court for the Western District of

21   Pennsylvania, Case No. 1:11-cv-101-SPB (the Second Amended Complaint in which

22   is attached hereto as Exhibit "B"); Docket Sheet from *Byrd et al. v. Aaron's, Inc. et al.*

23   (attached hereto as Exhibit "C") (evidencing date on which initial complaint was

24   filed).

25         24.    The exception set forth in § 1332(d)(4)(B) also does not apply.   That

26   exception is only applicable where "the primary defendants" are "citizens of the State

27

28   [2] The burden of proving these exceptions to CAFA falls on Plaintiffs should they choose to
     oppose Aaron's removal. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018 (9th Cir. 2007).

1  in which the action was originally filed." Aaron's, as stated above, is not a citizen of

2  California.

3  **III.     ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED.**

4         25.    In addition to the jurisdictional requirements discussed above, 28 U.S.C.

5  §§ 1441 and 1446 also set forth certain procedural requirements with respect to

6  removal. *See* 28 U.S.C. §§ 1441(a), 1446. As set forth below, Aaron's has satisfied

7  these requirements.

8         26.    Aaron's files this Notice of Removal within thirty (30) days of service of

9  Plaintiff's Complaint in the State Court Action. 28 U.S.C. § 1446(b).

10        27.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 89(c) and 1441(a)

11  because the United States District Court for the Central District of California is the

12  federal judicial district embracing the Los Angeles County Superior Court, where the

13  State Court Action was filed.

14        28.    Pursuant to 28 U.S.C. § 1446(d), Aaron's will serve copies of this Notice

15  of Removal on Plaintiff's counsel and will file a Notice of Filing Notice of Removal

16  with the State Court clerk for the State Court Action.

17        For these reasons, this Court has jurisdiction pursuant to 28 U.S.C. § 1332, and

18  removal pursuant to 28 U.S.C. §§ 1441 and 1446 is proper.

19  DATED: April 17, 2013          LISA M. GILFORD
20                                **ALSTON & BIRD LLP**

21                                _____

22                                LISA M. GILFORD
                                  Attorney for Defendant
23                                **AARON'S, INC.**

24

25

26

27

28

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):** Sultan Financial Corporation
Please see attached

**CONFORMED COPY**
(SOLO PARA USO DE LA CORTE)
ORIGINAL FILED
Los Angeles Superior Court

MAR 05 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

MICHAEL WINSLOW and FONDA WINSLOW, Individually, and on
Behalf of all Similarly Situated Persons,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>(El nombre y dirección de la corte es:) Superior Court of California | CASE NUMBER:<br>(Número del Caso): BC502304 |
|---|---|

111 N. Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Christopher P. Ridout, Esq. RLO, 555 E. Ocean Blvd., Ste. 500, Long Beach, CA 90802; (562) 216-7380

| DATE:<br>(Fecha) | Clerk, by<br>(Secretaria) Amber Hayes / John A. Clarke | , Deputy<br>(Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

MAR 05 2013

1. [ ] as an individual defendant.
2. [✓] as the person sued under the fictitious name of (specify): AARON's INC. d/b/a "Aaron's Sales and Lease Ownership"
3. [ ] on behalf of (specify):

   under: [ ] CCP 416.10 (corporation)
          [ ] CCP 416.20 (defunct corporation)
          [ ] CCP 416.40 (association or partnership)
          [ ] other (specify):

          [ ] CCP 416.60 (minor)
          [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.90 (authorized person)

4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhbit A Pg 6

| SHORT TITLE: Winslow v. Sultan Financial Corporation | CASE NUMBER: |
|---|---|

1  SULTAN FINANCIAL CORPORATION d/b/a "Aaron's Sales and Leasing",

2  a franchisee of AARON'S, INC.; AARON'S, INC. d/b/a "Aaron's Sales and Lease Ownership",

3  JOHN DOES (1-10) AARON'S FRANCHISEES; and DESIGNERWARE, LLC,

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

27  | This page may be used with any Judicial Council form or any other paper filed with the court. | Page ___1___ |

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

Exhbit A Pg 7

1   HERMAN GEREL, LLP
    ANDREA S. HIRSCH, ESQ. *(Pro Hac Vice Pending)*
2       Email: ahirsch@hermangerel.com
    230 Peachtree Street, NW, Suite 2260
3   Atlanta, Georgia 30303
    (404) 880-9500 Telephone
4   (404) 880-9605 Facsimile

5   RIDOUT LYON + OTTOSON, LLP
    CHRISTOPHER P. RIDOUT, ESQ. (State Bar No. 143931)
6       Email: c.ridout@rlollp.com
    DEVON M. LYON, ESQ. (State Bar No. 218293)
7       Email: d.lyon@rlollp.com
    CALEB LH MARKER, ESQ. (State Bar No. 269721)
8       Email: c.marker@rlollp.com
    555 E. Ocean Blvd., Suite 500
9   Long Beach, California 90802
    (562) 216-7380 Telephone
10  (562) 216-7385 Facsimile

11  Attorneys for Plaintiffs

12  (Additional Counsel Listed Below)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 05 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

13

14              SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                  COUNTY OF LOS ANGELES – CENTRAL

16  MICHAEL WINSLOW and FONDA          CASE NO:   B C 5 0 2 3 0 4
    WINSLOW, Individually, and on Behalf of all
    Similarly Situated Persons,
17
                                       COMPLAINT (CLASS ACTION)
18          Plaintiffs,
        vs.                            1)  Violation of Penal Code §631
19                                     2)  Violation of Penal Code §632
    SULTAN FINANCIAL CORPORATION d/b/a 3)  Violation of Penal Code §637.7
20  "Aaron's Sales and Leasing", a franchisee of  4)  Violation of Penal Code §635
    AARON'S, INC.; AARON'S, INC. d/b/a 5)  Violation of Penal Code §502
21  "Aaron's Sales and Lease Ownership", JOHN  6)  Violation of Business and Professions Code
    DOES (1-10) AARON'S FRANCHISEES; and   §§ 17200 *et seq.*
22  DESIGNERWARE, LLC,

23          Defendants.                     (JURY TRIAL DEMANDED)

24          Plaintiffs Michael and Fonda Winslow, individually and on behalf of all similarly situated

25  persons, by and through their undersigned attorneys allege the following upon information and

26  belief (except for those allegations pertaining to Plaintiffs, which are based on personal knowledge)

27  after due investigation by undersigned counsel.

28

────────────────────────────────────────────

COMPLAINT (CLASS ACTION)                                                    1.

## NATURE OF THE ACTION

1.     Plaintiffs, Michael and Fonda Winslow, bring this action on their own behalf and as a Class Action for the benefit of a class consisting of all customers of Aaron's, Inc. ("Aaron's") and its franchisees including Sultan Financial Corporation d/b/a "Aaron's Sales and Leasing" ("Sultan") and other John Doe California franchisees (collectively hereafter referred to as the "Aaron's Defendants") who reside in the State of California, who have purchased, leased, rented or rented to own ("RTO"), Aaron's computers and people who used said computers whose electronic communications and/or images were intercepted, accessed, monitored and/or transmitted by a spying device or software without the customer's authorization (including software called "PC Rental Agent®" manufactured by co-defendant DesignerWare, LLC, ("DesignerWare")) in the State of California.

2.     Plaintiffs and the Class seek injunctive relief and damages caused by Defendants' unlawful interception of electronic communications and images in violation of California Business and Professions Code §§ 17200 *et seq.* (the "UCL").

3.     Unbeknownst to Plaintiffs and the members of the Class, and without their authorization, Defendants have been spying on the activities of Plaintiffs and Class members through the use of the PC Rental Agent® device and/or similar Software and/or devices which were designed to, and in fact did, access, intercept, transmit, use and/or disclose electronic communications.   These spying devices and/or spying software were installed and enabled surreptitiously without the consent of Plaintiffs or Class members.

## THE PARTIES, JURISDICTION AND VENUE

4.     This Court has jurisdiction over all causes of action asserted herein pursuant to California Code of Civil Procedure § 395.  Defendants each have sufficient minimum contacts in the state of California or otherwise purposefully avail themselves of the California consumer market through advertising located in California, sales to California residents, and other activities, so as to render the exercise of jurisdiction over each Defendant by the California Courts consisted with traditional notions of fair play and substantial justice.

COMPLAINT (CLASS ACTION)                                                                                          2

5.     Additionally, jurisdiction may be exercised over each Defendant by virtue of the California long-arm statute, California Code of Civil Procedure § 410.10.

6.     Venue is proper in Los Angeles County because, upon information and belief Defendants transact business in this County and certain events and conduct giving rise to the claims in this action occurred in this County. Defendant Sultan, the franchisee from which Plaintiffs rented, leased, and/or purchased their computer maintains its principal place of business and "nerve center" in Los Angeles County, California. Defendant Aaron's owns, operates, and/or franchises several stores with locations in Los Angeles County (Inglewood, Lancaster, and Pico Rivera), San Bernardino County (Barstow, Ontario, and Victorville), Riverside County (Cathedral City, Coachella, Hemet, Indio, Moreno Valley, and Riverside) and Ventura County (Ventura). Defendant DesignerWare receives, manages, stores, intercepts, discloses and transmits communications intercepted by PC Rental Agent® and/or Software for the Aaron's Defendants throughout this County. Lastly, venue is proper in this County because the Aaron's Defendants received, managed, accessed, intercepted and transmitted communications collected in this district through the use of the PC Rental Agent® device and/or software intentionally installed on their rental computers throughout this County.

7.     Plaintiff Michael Winslow is an adult resident of Kern County, California.

8.     Plaintiff Fonda Winslow is an adult resident of Kern County, California.

9.     Both Plaintiffs Michael Winslow and Fonda Winslow are hereafter collectively referred to as "the Winslows" or "Plaintiffs."

10.    Defendant Sultan Financial Corporation d/b/a "Aaron's Sales and Leasing" ("Sultan") is a franchisee of Aaron's, Inc., and is a California corporation (Entity Number: C1297283) which has retail stores in California. Defendant Sultan's resident agent is Randall Sultan, who maintains a registered office at 2211 Corinith Avenue, Suite 300, Los Angeles, California 90064, which is also the "Home Office" according to Sultan's website.

COMPLAINT (CLASS ACTION)                                                                3

Exhbit A Pg 10

11.     "Since 1997, Sultan Financial Corporation has been developing and operating Aaron's Sales & Lease Ownership stores in California.  Sultan is the largest Aaron's franchisee in California with eleven stores in Central California and the High Desert."[1]

12.     Defendant Aaron's, Inc. d/b/a."Aaron's Sales and Lease Ownership" ("Aaron's") is a publicly traded (NYSE: AAN) Georgia corporation, with a principal place of business in Atlanta, Georgia, and has retail store locations through America, including California, and other states and territories of the United States.  Defendant Aaron's is registered to do business in the State of California (Entity Number: C2109669).  Defendant Aaron's resident agent is "CSC – Lawyers Incorporating Service", who maintain a registered office at 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833.  Defendant Aaron's owns, operates, and/or franchises at least sixty (60) stores in the State of California, including Los Angeles County (in Inglewood and Pico Rivera).

13.     Defendant Aaron's identifies itself as "the nation's leader in the sales and lease ownership and specialty retailing of residential and office furniture, consumer electronics, home appliances and accessories, has more than 1,800 Company-operated and franchised stores in 48 states and Canada. Founded in 1955 by entrepreneur R. Charles Loudermilk Sr. and headquartered in Atlanta, Aaron's has been publicly traded since 1982."[2]

14.     Defendant DesignerWare, LLC ("Designerware"), is a Pennsylvania limited liability company, with a principal place of business in Erie, Pennsylvania.  DesignerWare designed, manufactured, assembled, possessed, marketed, advertised and sold to the Aaron's Defendants the devices and/ or software (including PC Rental Agent®) which permitted the illegal and wrongful activity further described herein.

---

[1] Sultan Financial Corporation, "About Us", available online at <http://sultan-aarons.com/?q=node/3>, last accessed on May 9, 2011.

[2] Aaron's, Inc., "About Us", available online at < http://www.aarons.com/t-about.aspx>, last accessed on May 9, 2011.

COMPLAINT (CLASS ACTION)                                                                 4

15.   "DesignerWare Solutions was founded in 1986 and is the foremost provider of security consulting, application delivery, and IT and business process outsoursing solutions in the country today. Our full suite of technical services help our clients implement the technologies and best practices that will lead them to transformation and financial improvement."[3]

16.   During the time relevant to this Complaint, Defendant Designerware sold, leased, and/or licensed the PC Rental Agent® to the Aaron's Defendants.  After obtaining the PC Rental Agent® software, the Aaron's Defendants installed it on computers they offer for rent and/or sale without the knowledge or authorization from Plaintiffs or other Class members.

17.   Through its sale, lease, and/or licensing of the PC Rental Agent® software and subsequent installation, maintenance, and/or technical support offered, DesignerWare purposely availed itself to the jurisdiction of the State of California.

18.   The John Doe Defendants are Aaron's California franchisees who have purchased PC Rental Agent® and installed it on their computers for rent or purchase without authorization from their customers.  Through the use of PC Rental Agent® and technical support offered by DesignerWare in Pennsylvania, the John Does purposely availed themselves to the jurisdiction of the state of Pennsylvania.

19.   The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1-10 inclusive, are unknown to plaintiff who, therefore, sues said defendants by such fictitious names. Plaintiffs will amend this complaint to show their true names and capacities when ascertained.  Plaintiffs are informed and believe, and thereon alleges, that each of said defendants is responsible in some manner for the events and happenings, and proximately caused the injuries and damages, hereinafter alleged.

20.   In connection with the acts and conduct complained of below, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including the internet, or made such use possible.

---

[3] Designerware, LLC, "Home", available online at <http://designerware.com/eSiteWay/Home.aspx>, last accessed on May 9, 2011.

## CLASS ACTION ALLEGATIONS

21.    Plaintiffs bring this action on behalf of themselves and a Class of all other persons similarly situated pursuant to California Business & Professions Code §17203, and California Code of Civil Procedure §382.

22.    This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements with respect to the putative class. The community of interests in this litigation is well defined and the proposed Plaintiff Class is ascertainable.

23.    **Class Definition:** The Class Plaintiffs seek to represent in this action is defined as follows:

> All customers of the Aaron's Defendants who reside in the State of California, who have purchased, leased, rented or rented to own, Aaron's computers and any individual who used said computers whose electronic communications and/or images were intercepted, accessed, monitored and/or transmitted by Defendants via PC Rental Agent® or other devices or software without the customer's authorization.

The "Class Period" dates back four years (or the length of the longest applicable statute of limitations for any claim asserted) from the date this action was commenced and continues through the present and the date of judgment. Specifically excluded from the Class are: (a) any officers, directors or employees of the Defendant; (b) any judge assigned to hear this case (or spouse or immediate family member of any assigned judge); (c) any employee of the Court; (d) any juror selected to hear this case; and (e) any attorneys' of record and their employees.

24.    **Numerosity of the Class.** The Class is so numerous that joinder of all members is impracticable. The Customers of the Aaron's Defendants who have similarly purchased, leased, rented or rented to own ("RTO") such computers are estimated to be greater than five hundred individuals.

25.    **Ascertainable Class.** The proposed Class is ascertainable from objective criteria.

26.     **Common Questions of Fact and Law Exist and Predominate over Individual Issues.** There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. These common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members of the Class. These common legal and factual questions include without limitation:

a.     Whether Defendants participated in and pursued the concerted action or common course of conduct complained of;

b.     Whether Defendants' acts as alleged herein violated the California Business and Professions Code § 17200 et seq.;

c.     Whether Defendants' acts as alleged herein violated the California Penal Code;

d.     Whether Plaintiffs and members of the Class are entitled to statutory damages pursuant to applicable California law; and

e.     Whether Plaintiffs and members of the Class are entitled to injunctive relief.

27.     **Typicality.** Plaintiffs' claims are typical of the Class, as Plaintiffs and all other Class members were injured in exactly the same way – by the unauthorized collection, interception and/or transmission of electronic communications through PC Rental Agent® (or similar devices or software) installed on their Aaron's RTO computer. The effort Plaintiffs undertake to pursue their own claims will significantly benefit the Class members because of the identical nature of the issues across the Class.

28.     **Adequacy of Representation.** Plaintiffs will fairly and adequately represent and protect the interest of the members of the Class. Plaintiffs share a common interest with the Plaintiff Class members, with respect to the conduct of the Defendant herein and redress of injury. Plaintiffs have suffered an injury-in-fact as a result of the conduct of the Defendant, as alleged herein. Plaintiffs have retained counsel who are competent and experienced in the prosecution of complex consumer fraud, mass tort and class actions. Plaintiffs and their counsel intend to

1    prosecute this action vigorously and faithfully for the benefit of the Class members.  Plaintiffs have

2    no interests contrary to the class members, and will fairly and adequately protect the interests of the

3    Class.

4         29.    **Superiority of Class Adjudication.** The certification of a class in this action is

5    superior to the litigation of a multitude of cases by members of the putative class. Class

6    adjudication will conserve judicial resources and will avoid the possibility of inconsistent rulings.

7    Moreover, there are Class members who are unlikely to join or bring an action due to, among other

8    reasons, their reluctance to spend large sums of time and money to recover what may be a

9    relatively modest individual recovery. Equity dictates that all persons who stand to benefit from the

10   relief sought herein should be subject to the lawsuit and hence subject to an order spreading the

11   costs of the litigation among the Class members in relationship to the benefits received.  The

12   damages, restitution and other potential recovery for each individual member of the Class

13   are modest relative to the substantial burden and expense of individual prosecution of these

14   claims. Given the amount of the individual Class members' claims, few, if any, Class

15   members could or would afford to seek legal redress individually for the wrongs

16   complained of herein.  Even if the members of the Class themselves could afford

17   individual litigation, the court system could not.  Individualized litigation presents a

18   potential for inconsistent or contradictory judgments.  Individualized litigation increases

19   the delay and expense to all parties and the court system presented by the complex legal

20   and factual issues of the case. By contrast, the class action device presents far fewer

21   management difficulties, and provides the benefits of single adjudication, economy of

22   scale, and comprehensive supervision by a single court.

23       30.    In the alternative, the above-referenced Class may be certified because:

24          a) The prosecution of separate actions by the individual members of the Class

25              would create a risk of inconsistent or varying adjudication with respect to

26              individual Class members' claims which would establish incompatible

27              standards of conduct for Defendant;

28

COMPLAINT (CLASS ACTION)                                                        8

b) The prosecution of separate actions by individual members of the Class would create a risk of adjudications which would as a practical matter be dispositive of the interests of other members of the Class who are not parties to the adjudications, or which would substantially impair or impede the ability of other Class members to protect their interests; and,

c) Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the Class.

31.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a Class Action.

## SUBSTANTIVE ALLEGATIONS

32.    Since at least 2007, and likely before, the Aaron's Defendants have secretly installed a spying device and/or software on Aaron's RTO computers. This device and/or software, including PC Rental Agent®, permitted the Aaron's Defendants to remotely and surreptitiously access, monitor, intercept, and/or transmit electronic communications, including, but not limited to, images of monitors or screens ("screen shots"), keystrokes, and images captured by the computers' respective cameras ("webcams").

33.    PC Rental Agent® and other similar devices and software as referenced in this Complaint, make possible such illegal, surreptitious, and unauthorized remote interception of protected communications.

34.    PC Rental Agent® is manufactured, assembled, advertised and sold to the Aaron's Defendants by DesignerWare for the primary purpose of allowing the Aaron's Defendants to remotely track, access, monitor, monitor and/or transmit electronic communications on Aaron's RTO computers.

35.    PC Rental Agent® is a device and/or software that is manufactured, advertised to be and is, in fact, invisible or undetectable to customers and to other end users of Aaron's RTO computers.

COMPLAINT (CLASS ACTION)

9

36.     Once PC Rental Agent® is installed on the RTO computers, it permits the installer to remotely "install" or "build" a "Detective Mode" on the RTO computer over the internet and through the PC Rental Agent® and/or DesignWare website.

37.     After the Detective Mode has been remotely installed on the RTO computers, the installer is able to choose various levels of surveillance upon the RTO computer and the computer users. These various levels of surveillance permit the installer to secretly take photographs with the RTO computers' webcams, and capture keystrokes, and screen shots. The surveillance is sent from DesignerWare to the installer through Email transmissions, which have attachments that show those keystrokes, screenshots, and webcam images.

38.     PC Rental Agent® is manufactured, assembled, advertised and sold to by DesignerWare for the purpose of allowing Defendants to remotely spy on Plaintiffs and the Class, as well as track, access, monitor, intercept and/or transmit electronic communications on RTO computers.

39.     DesignerWare's owner, Tim Kelly described the PC Rental Agent® this way in an August 26, 2010 email:

> The way the Detective [Detective Mode] works is like many spyware/malware programs. The Agent [PC Rental Agent] runs outside the user session so it is not detectable by antivirus programs, etc. However when you turn on the Detective, the Agent takes an executable and inject[s] it into the user session and hooks the screen, keyboard, and mouse so it can 'Spy' on the user and gather information. A similar program could be launched to steal credit cards or someone's information.

40.     Detective Mode gathers data about whoever is using the computer, whether it is the computer's renter or another individual. At one level of activation, Detective Mode will gather data and transmit it to DesignerWare every two minutes that the computer is connected to the Internet for a period of 60 minutes. DesignerWare then forwards the data via e-mail to the licensee who activated the program. If the rent-to-own store wants more information, it can cause Detective Mode to record data every two minutes until prompted to stop doing so. DesignerWare's servers collect this information and transmit it to the franchisee for however long the franchisee leaves the

program turned on. In numerous instances, data gathered by Detective mode has revealed private, confidential, and personal details about the computer user. For example, keystroke logs have displayed usernames and passwords for access to email accounts, social media websites and financial institutions. Screenshots have captured additional confidential and personal information, including medical records, private emails to doctors, employment applications containing Social Security numbers, bank and credit card statements, and discussions of defense strategies in a pending lawsuit. When activated, Detective Mode can also cause a computer's webcam to surreptitiously photograph not only the computer user, but also anyone else within view of the camera. In numerous instances, Detective Mode webcam activations have taken pictures of children, individuals not fully clothed, and users engaged in sexual activities.

41.    DesignerWare's servers send data captured by Detective Mode, unencrypted, directly to the email accounts designated Defendants.

42.    Aaron's provides access to PC Rental and Detective Mode, making the collection and disclosure of private information possible.

43.    Since at least September 2011, on every computer that has a wireless card installed, PC Rental Agent® automatically logs the WiFi hotspots that the wireless card either sees or uses to connect to the Internet. When a computer connects to DesignerWare's servers, it reports the WiFi hotspot location information along with the computer's IP address.

44.    DesignerWare cross-references the information logged by a rented computer to PC Rental Agent® with a publicly available list of WiFi hotspots' physical locations and provides its licensees with street addresses for the particular WiFi hotspots viewed or accessed by the computer. The information derived from WiFi hotspot contacts can frequently pinpoint a computer's location to a single building, and, when aggregated, can track the movements and patterns of individual computer users over time.

45.    Defendants applied this location tracking upgrade on PC Rental Agent® to every computer on which PC Rental Agent® was installed, without obtaining consent from, or providing notice to, Plaintiffs and the class. Thus, Plaintiffs and Class members did not know that their physical location can be identified from the WiFi hotspots that their computer encounters. Nor did

they know that their physical locations and the patterns of movements could be monitored by Defendants.

46. It has been the practice and policy of Defendants to conceal from their customers – and not expressly reveal nor obtain such customers' consent or authority to permit – their ability to remotely intrude upon the seclusion of Plaintiffs and Class members in their home or other private areas, or to remotely access, intercept and monitor customers' private, personal electronic communications, information, screen shots, keystrokes or images captured on webcams and to further disclose to consumers exactly the kinds of private information and images that can be and were routinely collected, transmitted and stored.

47. The Defendants' sales, rental or lease agreements neither seek permission from, nor disclose to Plaintiffs and the Class the presence of PC Rental Agent® nor its ability to monitor and intercept communications, photographs taken with the webcam, and other data from the RTO computer, wherever those computers may be.

48. Aaron's Inc., requires its franchise stores, including Sultan, to receive Aaron's and Franchise-business Email through Aaron's official "aarons.com" or "aaronrents.com"email accounts, which are transmitted through the Aaron's, Inc. corporate server.

49. On information and belief, through Aaron's Inc.'s franchise agreements with Sultan ("franchise agreement") Aaron's, Inc. prohibits Sultan from using any website in connection with franchised business without the express consent of Aaron's, Inc. The agreements further provide that such consent may be arbitrarily withheld by Aaron's, Inc.

50. Pursuant to the franchise agreement between Sultan and Aaron's Inc., Aaron's retained and maintained the power, control and ability to revoke and terminate any Franchise for any reason it unilaterally deemed appropriate or necessary.

51. At all times relevant to the facts alleged herein, Aaron's Inc. retained the control to prevent the Aaron's Franchisees' use of Aaron's corporate server and a portal Aaron's Inc. intentionally opened within Aaron's internal intranet, as well as Email transmitted through Aaron's corporate server, which allowed the Franchisees to intercept electronic communications and images, as alleged herein.

52.   Instead, Aaron's Inc. chose to permit such activity despite specific knowledge that its Franchise stores were utilizing the integral portal and Aaron's corporate server to secretly gather photographs of Aaron's customers in their home as well as their computer keystrokes and screenshots, all without the permission of those customers.

53.   Pursuant to the franchise agreements, once the express consent to use a website is granted, Aaron's, Inc. retains the right to monitor the use and content of any such website accessed or used in connection with the all of its Franchisees' business; and, upon Aaron's request, the Franchisees must provide Aaron's Inc. with access and any other information related to any website as is requested by, and in the sole discretion of, Aaron's Inc.

54.   Before consent was obtained from Aaron's, Inc., concerning its Franchisees' access or use of PC Rental Agent® website(s), a firewall within the Aaron's corporate server prevented the Franchise stores from being able to access said website(s), or install the Detective Mode on the RTO computers held by Plaintiffs and other Aaron's customers; and thus, at that time the use of PC Rental Agent® by Aaron's Franchisees', including Sultan, was not possible.

55.   By at the latest, June 15, 2009, at the request of an Aaron's Franchisee, Aaron's Inc. expressly consented to the use of PC Rental Agent® website(s), by opening a portal on the Aaron's intranet, allowing the Franchisee to access and use PC Rental Agent® to install the Detective Mode on RTO computers, and thereafter illegally spy on Aaron's customers, all through the Aaron's corporate server.

56.   After June 15, 2009, Aaron's Inc. consented to its Franchisees' (including Sultan) use of and access to PC Rental Agent® website(s) on multiple occasions for various Franchisee stores, including Sultan on multiple occasions.

57.   On September 2, 2010, Aaron's Vice President Scott Harvey, and other top executive officers within Aaron's Inc., were advised through a series of Emails from other corporate employees that PC Rental Agent®, which its Franchisees were using, was very intrusive, key-logging all the customer's key strokes, transmitting images of the customers' screenshots, and transmitting photographs of computer users taken through the customers' webcams. The series of

COMPLAINT (CLASS ACTION)                                                                      13

Emails included an example of the spying capabilities – a photograph secretly taken via the RTO computer's webcam, of a man smoking a cigarette while using his computer.

58.     By September 2, 2010 – at the latest – Aaron's Inc. knew that by consenting to its Franchisees' access to and use of the PC Rental Agent® website(s), and requiring that such use of and access to such website(s) be through its corporate intranet and corporate server as well as that the images and data gathered in such spying activity be transmitted to the Franchisee stores through Aaron's corporate server, Aaron's Inc. was intimately and integrally involved with its Franchisees' acts of building Detective Mode and spying upon Aaron's customers.

59.     Despite this knowledge, Aaron's Inc. did not revoke its consent for its Franchisees' use of or access to the PC Rental Agent® website(s) for more than 15 months, and instead, chose to continue permitting such access and use of the websites and the spying activity, all through its corporate intranet and server.

60.     Aaron's did not tell its Franchisees, including Sultan, to stop using PC Rental Agent® to spy on customers, and in fact, did not see anything wrong with these activities.

61.     It has been the practice and policy of the Defendants to conceal from their customers – and not expressly reveal nor obtain such customers' consent or authority to permit – their ability to remotely intrude upon the seclusion of Plaintiffs and Class members in their home or other private areas, or to remotely access, intercept and monitor their private, personal electronic communications, information, screen shots, keystrokes or images captured on webcams and to further disclose to consumers exactly the kinds of private information and images that can be and were routinely collected, transmitted and stored.

62.     The Aaron's Defendants' sales, rental or lease agreements neither seeks permission from nor discloses to RTO customers the presence of PC Rental Agent® or its ability to monitor and intercept communications and other data from Aaron's RTO computers.

63.     On February 5, 2010, Plaintiffs entered into an Aaron's RTO lease agreement for a "Dell Inspiron 15" laptop computer (Serial No.: ****P1K1).

64.     The lease agreement provided that Plaintiffs would pay the following for the computer: a down payment of $155.53 and three monthly payments of $117.73, totaling $512.59

COMPLAINT (CLASS ACTION)                                                                 14

1   for the four month lease.  After the four month lease period, Plaintiffs had the option to purchase

2   the computer for an additional $689.49, representing a total lease/purchase price of $1,202.08.

3        65.    The lease agreement did not disclose that the Aaron's Defendants had installed a

4   device which could monitor Plaintiffs and intercept their private communications.

5        66.    Plaintiff timely paid off the lease "in full," according to the lease agreement terms,

6   and elected to purchase the computer under the option in lease.

FIRST CAUSE OF ACTION

VIOLATION OF CALIFORNIA PENAL CODE §631

UNAUTHORIZED WIRETAPS

(AGAINST ALL DEFENDANTS)

11       67.    Plaintiffs fully incorporate by reference herein all of the above paragraphs, as

12   though fully set forth herein.

13       68.    Plaintiffs both bring this action individually and on behalf of the Class, pursuant to

14   Chapter 1.5 of the California Penal Code § 630 *et seq.*

15       69.    California Penal Code § 630 reads as follows:

16       The Legislature hereby declares that advances in science and technology
17       have led to the development of new devices and techniques for the
         purpose of eavesdropping upon private communications and that the
18       invasion of privacy resulting from the continual and increasing use of such
         devices and techniques has created a serious threat to the free exercise of
19       personal liberties and cannot be tolerated in a free and civilized society.

         The Legislature by this chapter intends to protect the right of privacy of
20       the people of this state.

21       70.    Plaintiffs bring this claim individually and on behalf of the Class for violation of

22   California Penal Code §631 which provides, in part:

23       (a) Any person who, by means of any machine, instrument, or contrivance,
         or in any other manner, intentionally taps, or makes any unauthorized
24       connection, whether physically, electrically, acoustically, inductively, or
         otherwise, with any telegraph or telephone wire, line, cable, or instrument,
25       including the wire, line, cable, or instrument of any internal telephonic
         communication system, or who willfully and without the consent of all
26       parties to the communication, or in any unauthorized manner, reads, or
         attempts to read, or to learn the contents or meaning of any message,
27       report, or communication while the same is in transit or passing over any
         wire, line, or cable, or is being sent from, or received at any place within
28       this state; or who uses, or attempts to use, in any manner, or for any

purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section, is punishable by a fine not exceeding two thousand five hundred dollars ($2,500), or by imprisonment in the county jail not exceeding one year, or by imprisonment in the state prison, or by both a fine and imprisonment in the county jail or in the state prison. If the person has previously been convicted of a violation of this section or Section 632, 632.5, 632.6, 632.7, or 636, he or she is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the county jail not exceeding one year, or by imprisonment in the state prison, or by both a fine and imprisonment in the county jail or in the state prison.

71.     At all times herein mentioned, Plaintiffs and members of the Class are and were in possession of the computers that they leased, rented, rented to own, and/or purchased from the Aaron's Defendants (an "Aaron's computer").

72.     The PC Rental Agent® is a device on software that allows Defendants to tap into and/or make an unauthorized connection to Plaintiffs' and of the Class members' Aaron's computers, electronically, through a telephone wire, line, cable, or instrument.

73.     Plaintiffs and Class members regularly used their Aaron's computers to read, write, receive, and send messages, reports, and communications ("Messages") using various e-mail software applications, instant messaging applications, and Internet browsers capable of accessing e-mail, instant, and social networking (i.e., Facebook) messages.

74.     Said Messages were being sent from and/or received in the State of California.

75.     Throughout the applicable Class Period, Defendants, and each of them, using the PC Rental Agent®, accessed Plaintiffs' and the Class members' Aaron's computers without right and without their knowledge or consent for the purposes of recording keystrokes, taking unauthorized photographs using the built-in webcams, and tapping Messages in violation of California Penal Code § 631(a).

76.     Throughout the applicable Class Period, Defendants, and each of them, using the PC Rental Agent®, read, attempted to read, and/or learned the contents of Messages while the same were in transit or passing over any wire, line, or cable in violation of California Penal Code § 631(a).

77.     Throughout the applicable Class Period, Defendants, and each of them, using the PC Rental Agent®, used or attempted to use the information obtained from the Messages described above in violation of California Penal Code § 631(a).

78.     Throughout the applicable Class Period, Defendants, and each of them, using the PC Rental Agent®, aided, agreed with, employed, and/or conspired with each other, to permit and cause the above-described violations of California Penal Code § 631(a).

79.     Throughout the applicable Class Period, Defendants, and each of them, using the PC Rental Agent®, caused above-described violations of California Penal Code § 631(a).

80.     Defendants and their principals conspired amongst themselves to engage in the above-described unlawful conduct in California, and that conduct emanated to and affected Class members throughout California.

81.     As such, the California Penal Code applies to all such transactions and dealings.

82.     California Penal Code § 637.2 allows for a private right of action for violation of California Penal Code Chapter 1.5 (§§ 630-638).  Specifically, any person injured by a violation may bring an action for the greater of $5,000.00 or three times the actual damages, if any.  No actual damages are necessary to bring suit under § 637.2.

83.     The unlawful conduct set forth above have and continues to injure Plaintiffs and the Class and cause damages in fact and the loss of money, as described further within.

84.     The acts complained of herein, and each of them, constitute violations of Chapter 1.5 of the California Penal Code §630-638.  Such acts and violations have not abated and will continue to occur unless enjoined.

85.     Injunctive relief is an appropriate remedy expressly authorized by Section 637.2(b) of the Penal Code in order to obtain the right of privacy as guaranteed by Article One, Section One, of the California Constitution.

86.     Unless Defendants, and each of them, are restrained by order of this Court, Plaintiffs and Class members would have no adequate remedy at law since pecuniary compensation would not afford adequate relief.

Exhbit A.Pg 24

87.     Unless Defendants, and each of them, are restrained by order of this Court, it will be necessary for Plaintiffs to commence many successive actions against Defendants, and each of them, to secure compensation for damages sustained, thus requiring a multiplicity of judicial proceedings, and Plaintiffs will be arbitrarily threatened with a continuing invasion of privacy by having their telephonic communications intercepted by wiretapping devices, and by having information obtained from his/her telephonic communications being communicated to other persons.

88.     Defendants' acts and practices described herein offend established public policies, and involve business practices that are unlawful. As a result, Plaintiffs, the Class and the general public are entitled to injunctive relief and other equitable relief to restrain Defendants' conduct.

89.     By reason of the foregoing, Plaintiffs and each member of the Class are entitled to statutory damages of Five Thousand Dollars ($5,000.00) or treble damages, whichever is greater, from each the Defendants for each violation of California Penal Code 631(a), as well as injunctive relief, declaratory relief, the costs of bring this action (including reasonable attorneys' fees and costs), and any other relief allowed by law and deemed just and equitable in the circumstances.

## SECOND CAUSE OF ACTION

### VIOLATION OF CALIFORNIA PENAL CODE §632

### EAVESDROPPING ON CONFIDENTIAL COMMUNICATIONS

### (AGAINST ALL DEFENDANTS)

90.     Plaintiffs fully incorporate by reference herein all of the above paragraphs, as though fully set forth herein.

91.     Plaintiffs both bring this action individually and on behalf of the Class pursuant to Chapter 1.5 of the California Penal Code § 630 et seq.

92.     California Penal Code § 630 reads as follows:

> The Legislature hereby declares that advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society.

COMPLAINT (CLASS ACTION)

1    The Legislature by this chapter intends to protect the right of privacy of the people of this state.

2    93.    Plaintiffs bring this claim individually and on behalf of the Class for violation of

3    California Penal Code §632 which provides, in part:

4    a) Every person who, intentionally and without the consent of
5    all parties to a confidential communication, by means of any
     electronic amplifying or recording device, eavesdrops upon or records
     the confidential communication, whether the communication is carried
6    on among the parties in the presence of one another or by means of a
     telegraph, telephone, or other device, except a radio, shall be
7    punished by a fine not exceeding two thousand five hundred dollars
     ($2,500), or imprisonment in the county jail not exceeding one year,
8    or in the state prison, or by both that fine and imprisonment. If the
     person has previously been convicted of a violation of this section
9    or Section 631, 632.5, 632.6, 632.7, or 636, the person shall be
10   punished by a fine not exceeding ten thousand dollars ($10,000), by
     imprisonment in the county jail not exceeding one year, or in the
11   state prison, or by both that fine and imprisonment.

12   94.    At all times herein mentioned, Plaintiffs and members of the Class are and were in

13   possession of the computers that they leased, rented, rented to own, and/or purchased from the

14   Aaron's Defendants (an "Aaron's computer").

15   95.    The PC Rental Agent® device or software that allows Defendants to tap into and/or

16   make an unauthorized connection to Plaintiffs' and Class members' Aaron's computers,

17   electronically, through a telephone wire, line, cable, or instrument.

18   96.    Plaintiffs and Class members regularly used their Aaron's computers to read, write,

19   receive, and send messages, reports, and communications ("Messages") using various e-mail

20   software applications, instant messaging applications, and Internet browsers capable of accessing

21   e-mail, instant, and social networking (i.e., Facebook) messages.

22   97.    Said Messages were being sent from and/or received in the State of California.

23   98.    Throughout the applicable Class Period, Defendants, and each of them, using the PC

24   Rental Agent®, accessed Plaintiffs' and the Class members' Aaron's computers without right and

25   without their knowledge or consent for the purposes of recording keystrokes, taking unauthorized

26   photographs using the built-in webcams, and tapping Messages in violation of California Penal

27   Code § 632(a).

28

---

COMPLAINT (CLASS ACTION)                                                                    19

99.   Throughout the applicable Class Period, Defendants, and each of them, using the PC Rental Agent®, read, attempted to read, and/or learned the contents of Messages while the same were in transit or passing over any wire, line, or cable in violation of California Penal Code § 632(a).

100.   Throughout the applicable Class Period, Defendants, and each of them, using the PC Rental Agent®, used or attempted to use the information obtained from the Messages described above in violation of California Penal Code § 632(a).

101.   Throughout the applicable Class Period, Defendants, and each of them, using the PC Rental Agent®, aided, agreed with, employed, and/or conspired with each other, to permit and cause the above-described violations of California Penal Code § 632(a).

102.   Throughout the applicable Class Period, Defendants, and each of them, using the PC Rental Agent®, caused above-described violations of California Penal Code § 632(a).

103.   Defendants and their principals conspired amongst themselves to engage in the above-described unlawful conduct in California, and that conduct emanated to and affected Class members throughout California.

104.   As such, the California Penal Code applies to all such transactions and dealings.

105.   California Penal Code § 637.2 allows for a private right of action for violation of California Penal Code Chapter 1.5 (§§ 630-638). Specifically, any person injured by a violation may bring an action for the greater of $5,000.00 or three times the actual damages, if any. No actual damages are necessary to bring suit under § 637.2.

106.   The unlawful conduct set forth above have and continues to injure Plaintiffs and the Class and cause damages in fact and the loss of money, as described further within.

107.   The acts complained of herein, and each of them, constitute violations of Chapter 1.5 of the California Penal Code §630-638. Such acts and violations have not abated and will continue to occur unless enjoined.

108.   Injunctive relief is an appropriate remedy expressly authorized by Section 637.2(b) of the Penal Code in order to obtain the right of privacy as guaranteed by Article One, Section One, of the California Constitution.

109.   Unless Defendants, and each of them, are restrained by order of this Court, Plaintiffs and the Class members would have no adequate remedy at law since pecuniary compensation would not afford adequate relief.

110.   Unless Defendants, and each of them, are restrained by order of this Court, it will be necessary for Plaintiffs to commence many successive actions against Defendants, and each of them, to secure compensation for damages sustained, thus requiring a multiplicity of judicial proceedings, and Plaintiffs will be arbitrarily threatened with a continuing invasion of privacy by having their telephonic communications intercepted by wiretapping devices, and by having information obtained from his/her telephonic communications being communicated to other persons.

111.   Defendants' acts and practices described herein offend established public policies, and involve business practices that are unlawful. As a result, Plaintiffs, the Class and the general public are entitled to injunctive relief and other equitable relief to restrain Defendants' conduct.

112.   By reason of the foregoing, Plaintiffs and each member of the Class are entitled to statutory damages of Five Thousand Dollars ($5,000.00) or treble damages, whichever is greater, from each the Defendants for each violation of California Penal Code 632(a), as well as injunctive relief, declaratory relief, the costs of bring this action (including reasonable attorneys' fees and costs), and any other relief allowed by law and deemed just and equitable in the circumstances.

## THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA PENAL CODE §637.7

### ELECTRONIC STALKING

### (AGAINST ALL DEFENDANTS)

113.   Plaintiffs fully incorporate by reference herein all of the above paragraphs, as though fully set forth herein.

114.   Plaintiffs both bring this action individually and on behalf of the Class, pursuant to Chapter 1.5 of the California Penal Code § 630 *et seq.*

115.   California Penal Code § 630 reads as follows;

COMPLAINT (CLASS ACTION)

21

The Legislature hereby declares that advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society,

The Legislature by this chapter intends to protect the right of privacy of the people of this state.

116.    Plaintiffs bring this claim individually and on behalf of the Class for violation of California Penal Code §637.7 which provides, in part:

a) No person or entity in this state shall use an electronic tracking device to determine the location or movement of a person.

117.    At all times herein mentioned, Plaintiffs and members of the Class are and were in possession of the computers that they leased, rented, rented to own, and/or purchased from the Aaron's Defendants (an "Aaron's computer").

118.    The PC Rental Agent® is a device or software that allows Defendants to tap into and/or make an unauthorized connection to Plaintiffs' and Class members' Aaron's computers, electronically, through a telephone wire, line, cable, or instrument.

119.    Plaintiffs and Class members regularly used their Aaron's computers to read, write, receive, and send messages, reports, and communications ("Messages") using various e-mail software applications, instant messaging applications, and Internet browsers capable of accessing e-mail, instant, and social networking (i.e., Facebook) messages to determine the location and/or movement of Plaintiffs and class members.

120.    Said Messages were being sent from and/or received in the State of California.

121.    Throughout the applicable Class Period, Defendants, and each of them, using the PC Rental Agent®, accessed Plaintiffs' and the Class members' Aaron's computers without right and without their knowledge or consent for the purposes of recording keystrokes, taking unauthorized photographs using the built-in webcams, and tapping Messages to determine the location and/or movement of Plaintiffs and Class members in violation of California Penal Code §637.7.

122.    Throughout the applicable Class Period, Defendants, and each of them, using the PC Rental Agent®, read, attempted to read, and/or learned the contents of Messages while the same

were in transit or passing over any wire, line, or cable in violation of California Penal Code § 637.7.

123.    Throughout the applicable Class Period, Defendants, and each of them, using the PC Rental Agent®, used or attempted to use the information obtained from the Messages described above in violation of California Penal Code § 637.7.

124.    Throughout the applicable Class Period, Defendants, and each of them, using the PC Rental Agent®, aided, agreed with, employed, and/or conspired with each other, to permit and cause the above-described violations of California Penal Code § 637.7.

125.    Throughout the applicable Class Period, Defendants, and each of them, using the PC Rental Agent®, caused above-described violations of California Penal Code § 637.7.

126.    Defendants and their principals conspired amongst themselves to engage in the above-described unlawful conduct in California, and that conduct emanated to and affected Class members throughout California.

127.    As such, the California Penal Code applies to all such transactions and dealings.

128.    California Penal Code § 637.2 allows for a private right of action for violation of California Penal Code Chapter 1.5 (§§ 630-638).  Specifically, any person injured by a violation may bring an action for the greater of $5,000.00 or three times the actual damages, if any.  No actual damages are necessary to bring suit under § 637.2.

129.    The unlawful conduct set forth above have and continues to injure Plaintiffs and the Class and cause damages in fact and the loss of money, as described further within.

130.    The acts complained of herein, and each of them, constitute violations of Chapter 1.5 of the California Penal Code §630-638.  Such acts and violations have not abated and will continue to occur unless enjoined.

131.    Injunctive relief is an appropriate remedy expressly authorized by Section 637.2(b) of the Penal Code in order to obtain the right of privacy as guaranteed by Article One, Section One, of the California Constitution.

Exhbit A Pg 30

132.   Unless Defendants, and each of them, are restrained by order of this Court, Plaintiffs and Class members would have no adequate remedy at law since pecuniary compensation would not afford adequate relief.

133.   Unless Defendants, and each of them, are restrained by order of this Court, it will be necessary for Plaintiffs to commence many successive actions against Defendants, and each of them, to secure compensation for damages sustained, thus requiring a multiplicity of judicial proceedings, and Plaintiffs will be arbitrarily threatened with a continuing invasion of privacy by having their telephonic communications intercepted by wiretapping devices, and by having information obtained from his/her telephonic communications being communicated to other persons.

134.   Defendants' acts and practices described herein offend established public policies, and involve business practices that are unlawful. As a result, Plaintiffs, the Class and the general public are entitled to injunctive relief and other equitable relief to restrain Defendants' conduct.

135.   By reason of the foregoing, Plaintiffs and each member of the Class are entitled to statutory damages of Five Thousand Dollars ($5,000.00) or treble damages, whichever is greater, from each the Defendants for each violation of California Penal Code § 637.7 as well as injunctive relief, declaratory relief, the costs of bring this action (including reasonable attorneys' fees and costs), and any other relief allowed by law and deemed just and equitable in the circumstances.

## FOURTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA PENAL CODE §635

### SALE OF EAVESDROPPING DEVICES

### (AGAINST DEFENDANT DESIGNERWARE)

136.   Plaintiffs fully incorporate by reference herein all of the above paragraphs, as though fully set forth herein.

137.   Plaintiffs both bring this action individually and on behalf of the Class, pursuant to Chapter 1.5 of the California Penal Code § 630 *et seq.*

138.   California Penal Code § 630 reads as follows:

The Legislature hereby declares that advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society.

The Legislature by this chapter intends to protect the right of privacy of the people of this state.

139.   Plaintiffs bring this claim individually and on behalf of the Class for violation of California Penal Code §635 which provides in part:

a) Every person who manufactures, assembles, sells, offers for sale, advertises for sale, possesses, transports, imports, or furnishes to another any device which is primarily or exclusively designed or intended for eavesdropping upon the communication of another, or any device which is primarily or exclusively designed or intended for the unauthorized interception or reception of communications between cellular radio telephones or between a cellular radio telephone and a landline telephone in violation of Section 632.5, or communications between cordless telephones or between a cordless telephone and a landline telephone in violation of Section 632.6, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500), by imprisonment in the county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment. If the person has previously been convicted of a violation of this section, the person shall be punished by a fine not exceeding ten thousand dollars ($10,000), by imprisonment in the county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment.

140.   At all times herein mentioned, Plaintiffs and members of the Class are and were in possession of the computers that they leased, rented, rented to own, and/or purchased from the Aaron's Defendants (an "Aaron's computer").

141.   The PC Rental Agent® is a device or software that allows Defendants to tap into and/or make an unauthorized connection to Plaintiffs' and Class members' Aaron's computers, electronically, through a telephone wire, line, cable, or instrument.

142.   Plaintiffs and Class members regularly used their Aaron's computers to read, write, receive, and send messages, reports, and communications ("Messages") using various e-mail

software applications, instant messaging applications, and Internet browsers capable of accessing e-mail, instant, and social networking (i.e., Facebook) messages.

143. Said Messages were being sent from and/or received in the State of California.

144. Throughout the applicable Class Period, Defendants, and each of them, using the PC Rental Agent®, accessed Plaintiffs' and the Class members' Aaron's computers without right and without their knowledge or consent for the purposes of recording keystrokes, taking unauthorized photographs using the built-in webcams, and tapping Messages in violation of California Penal Code § 635(a).

145. Throughout the applicable Class Period, Defendants, and each of them, using the PC Rental Agent®, read, attempted to read, and/or learned the contents of Messages while the same were in transit or passing over any wire, line, or cable in violation of California Penal Code §635(a).

146. Throughout the applicable Class Period, Defendants, and each of them, using the PC Rental Agent®, used or attempted to use the information obtained from the Messages described above in violation of California Penal Code § 635(a).

147. Throughout the applicable Class Period, Defendants, and each of them, using the PC Rental Agent®, aided, agreed with, employed, and/or conspired with each other, to permit and cause the above-described violations of California Penal Code § 635(a).

148. Throughout the applicable Class Period, Defendants, and each of them, using the PC Rental Agent®, caused above-described violations of California Penal Code § 635(a).

149. Defendants and their principals conspired amongst themselves to engage in the above-described unlawful conduct in California, and that conduct emanated to and affected Class members throughout California.

150. As such, the California Penal Code applies to all such transactions and dealings.

151. California Penal Code § 637.2 allows for a private right of action for violation of California Penal Code Chapter 1.5 (§§ 630-638). Specifically, any person injured by a violation may bring an action for the greater of $5,000.00 or three times the actual damages, if any. No actual damages are necessary to bring suit under § 637.2.

COMPLAINT (CLASS ACTION)

26

152. The unlawful conduct set forth above have and continues to injure Plaintiffs and the Class members and cause damages in fact and the loss of money, as described further within.

153. The acts complained of herein, and each of them, constitute violations of Chapter 1.5 of the California Penal Code §630-638. Such acts and violations have not abated and will continue to occur unless enjoined.

154. Injunctive relief is an appropriate remedy expressly authorized by Section 637.2(b) of the Penal Code in order to obtain the right of privacy as guaranteed by Article One, Section One, of the California Constitution.

155. Unless Defendants, and each of them, are restrained by order of this Court, Plaintiffs and the Class members would have no adequate remedy at law since pecuniary compensation would not afford adequate relief.

156. Unless Defendants, and each of them, are restrained by order of this Court, it will be necessary for Plaintiffs to commence many successive actions against Defendants, and each of them, to secure compensation for damages sustained, thus requiring a multiplicity of judicial proceedings, and Plaintiffs will be arbitrarily threatened with a continuing invasion of privacy by having their telephonic communications intercepted by wiretapping devices, and by having information obtained from his/her telephonic communications being communicated to other persons.

157. Defendants' acts and practices described herein offend established public policies, and involve business practices that are unlawful. As a result, Plaintiffs, the Class and the general public are entitled to injunctive relief and other equitable relief to restrain Defendants' conduct.

158. By reason of the foregoing, Plaintiffs and each member of the Class are entitled to statutory damages of Five Thousand Dollars ($5,000.00) or treble damages, whichever is greater, from each the Defendants for each violation of California Penal Code 635(a), as well as injunctive relief, declaratory relief, the costs of bring this action (including reasonable attorneys' fees and costs), and any other relief allowed by law and deemed just and equitable in the circumstances.

## FIFTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA PENAL CODE §502

### (AGAINST ALL DEFENDANTS)

159.   Plaintiffs fully incorporate by reference herein all of the above paragraphs, as though fully set forth herein.

160.   Plaintiffs both bring this action individually and on behalf of the Class, pursuant to California Penal Code § 502.

161.   Plaintiffs bring this claim individually and on behalf of the Class for violation of California Penal Code §502 which provides, in part:

    (c) Except as provided in subdivision (h), any person who commits any of the following acts is guilty of a public offense:

    (1) Knowingly accesses and without permission alters, damages, deletes, destroys, or otherwise uses any data, computer, computer system, or computer network in order to either (A) devise or execute any scheme or artifice to defraud, deceive, or extort, or (B) wrongfully control or obtain money, property, or data.

    (2) Knowingly accesses and without permission takes, copies, or makes use of any data from a computer, computer system, or computer network, or takes or copies any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network.

    (3) Knowingly and without permission uses or causes to be used computer services.

    (4) Knowingly accesses and without permission adds, alters, damages, deletes, or destroys any data, computer software, or computer programs which reside or exist internal or external to a computer, computer system, or computer network.

    (5) Knowingly and without permission disrupts or causes the disruption of computer services or denies or causes the denial of computer services to an authorized user of a computer, computer system, or computer network.

    (6) Knowingly and without permission provides or assists in providing a means of accessing a computer, computer system, or computer network in violation of this section.

    (7) Knowingly and without permission accesses or causes to be accessed any computer, computer system, or computer network.

    (8) Knowingly introduces any computer contaminant into any computer, computer system, or computer network.

    (9) Knowingly and without permission uses the Internet domain name of another individual, corporation, or entity in connection with the sending of one or more electronic mail messages, and thereby damages

Exhbit A Pg 35

or causes damage to a computer, computer system, or computer network.

162. At all times herein mentioned, Plaintiffs and members of the Class are and were in possession of the computers that they leased, rented, rented to own, and/or purchased from the Aaron's Defendants (an "Aaron's computer").

163. The PC Rental Agent® is a device or software that allows Defendants to tap into and/or make an unauthorized connection to Plaintiffs' and Class members' Aaron's computers, electronically, through a telephone wire, line, cable, or instrument.

164. Plaintiffs and Class members regularly used their Aaron's computers to read, write, receive, and send messages, reports, and communications ("Messages") using various e-mail software applications, instant messaging applications, and Internet browsers capable of accessing e-mail, instant, and social networking (i.e., Facebook) messages.

165. Said Messages were being sent from and/or received in the State of California.

166. Throughout the applicable Class Period, Defendants, and each of them, using the PC Rental Agent®, accessed Plaintiffs' and the Class members' Aaron's computers without right and without their knowledge or consent for the purposes of recording keystrokes, taking unauthorized photographs using the built-in webcams, and tapping Messages in violation of California Penal Code § 502.

167. Throughout the applicable Class Period, Defendants, and each of them, using the PC Rental Agent®, read, attempted to read, and/or learned the contents of Messages while the same were in transit or passing over any wire, line, or cable in violation of California Penal Code § 502.

168. Throughout the applicable Class Period, Defendants, and each of them, using the PC Rental Agent®, used or attempted to use the information obtained from the Messages described above in violation of California Penal Code § 502.

169. Throughout the applicable Class Period, Defendants, and each of them, using the PC Rental Agent®, aided, agreed with, employed, and/or conspired with each other, to permit and cause the above-described violations of California Penal Code § 502.

170. Throughout the applicable Class Period, Defendants, and each of them, using the PC Rental Agent®, caused above-described violations of California Penal Code § 502.

COMPLAINT (CLASS ACTION)                                                    29

171.   Defendants and their principals conspired amongst themselves to engage in the above-described unlawful conduct in California, and that conduct emanated to and affected Class members throughout California.

172.   As such, the California Penal Code applies to all such transactions and dealings.

173.   California Penal Code § 502 allows for a private right of action. Specifically, California Penal Code §502 provides, in part:

> (e) (1) In addition to any other civil remedy available, the owner or lessee of the computer, computer system, computer network, computer program, or data who suffers damage or loss by reason of a violation of any of the provisions of subdivision (c) may bring a civil action against the violator for compensatory damages and injunctive relief or other equitable relief. Compensatory damages shall include any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was or was not altered, damaged, or deleted by the access. For the purposes of actions authorized by this subdivision, the conduct of an unemancipated minor shall be imputed to the parent or legal guardian having control or custody of the minor, pursuant to the provisions of Section 1714.1 of the Civil Code.
>
> (2) In any action brought pursuant to this subdivision the court may award reasonable attorney's fees.
>
> (3) A community college, state university, or academic institution accredited in this state is required to include computer-related crimes as a specific violation of college or university student conduct policies and regulations that may subject a student to disciplinary sanctions up to and including dismissal from the academic institution. This paragraph shall not apply to the University of California unless the Board of Regents adopts a resolution to that effect.
>
> (4) In any action brought pursuant to this subdivision for a willful violation of the provisions of subdivision (c), where it is proved by clear and convincing evidence that a defendant has been guilty of oppression, fraud, or malice as defined in subdivision (c) of Section 3294 of the Civil Code, the court may additionally award punitive or exemplary damages.

174.   The unlawful conduct set forth above, have and continues to injure Plaintiffs and the Class members cause damages in fact and the loss of money, as described further within. Further, in doing the foregoing acts, Defendants and each of them acted maliciously, fraudulently and willfully and in complete disregard of the rights of Plaintiffs and Class. The nature of the ill-will,

---

COMPLAINT (CLASS ACTION)                                          30

Exhbit A Pg 37

1    malice and reckless disregard of the rights of Plaintiffs and the Class by which Defendants and

2    each of them intentionally acted to deprive Plaintiffs and the Class was such a despicable manner

3    so as to justify an award of punitive and/or exemplary damages pursuant to California Civil Code

4    §3294.

5        175.    The acts complained of herein, and each of them, constitute violations of California

6    Penal Code §502.   Such acts and violations have not abated and will continue to occur unless

7    enjoined.

8        176.    Defendants' acts and practices described herein offend established public policies,

9    and involve business practices that are unlawful. As a result, Plaintiffs, the Class and the general

10   public are entitled to injunctive relief and other equitable relief to restrain Defendants' conduct.

11 **SIXTH CAUSE OF ACTION**

12 **FOR VIOLATION OF *BUSINESS AND PROFESSIONS CODE § 17200***

**(*AGAINST ALL DEFENDANTS*)**

13        177.    Plaintiffs fully incorporate by reference herein all of the above paragraphs, as

14   though fully set forth herein.

15        178.    Plaintiffs both bring this action individually and on behalf of the Class, and on

16   behalf of the general public pursuant to § 17200 *et. seq.* of the Bus. & Prof. Code, the Unfair

17   Competition Act (the "UCL").

18        179.    Plaintiffs bring this claim individually and on behalf of the Class pursuant to *Bus. &*

19   *Prof. Code §17204* which prohibits unfair competition, defined as "any unlawful, unfair or

20   fraudulent business act or practice."   Plaintiffs and the Class seek compensation for the loss of their

21   property and the personal financial impacts they have suffered as a result of Defendants' unfair

22   business practices.   Plaintiffs suffered injury, damages in fact and out of pocket loss as a result of

23   Defendants' unlawful, unfair, unconscionable, deceptive, conduct and practices, as described

24   above. Defendants' conduct, as described above, has been and continues to be detrimental to the

25   Class and Plaintiffs are seeking to enforce important rights affecting the public interest within the

26   meaning of *Code of Civil Procedure §1021.5.*

27

28

---

COMPLAINT (CLASS ACTION)                                      31

180. As described throughout the Complaint, Defendants' conduct was in violation of Chapter 1.5 of the California Penal Code, and California Penal Code § 502 and was therefore unlawful.

181. Defendants and their principals conspired amongst themselves to engage in the above-described unlawful, unfair, unconscionable and/or fraudulent business acts and practices in California, and that conduct emanated to and affected Class members throughout California. As such, the UCL applies to all such transactions and dealings.

182. The acts complained of herein, and each of them, constitute unfair, unlawful or fraudulent business practices in violation of *Business and Professions Code §17200 et. seq.* Such acts and violations have not abated and will continue to occur unless enjoined. Defendants' acts and practices described herein offend established public policies, and involve business practices that are immoral, unethical, oppressive, and/or unscrupulous.

183. The unfair business practices set forth above have and continue to injure Plaintiffs and the Class and the general public and cause damages in fact and the loss of money, as described further within. These violations have unjustly enriched the Defendants at the expense of the Class. As a result, Plaintiffs, the Class and the general public are entitled to injunctive relief, restitution, and other equitable relief. Failing to compensate the Class Members for necessary expenditures constitute restitution of property earned by the consumer.

184. By reason of the foregoing, Plaintiffs and each member of the Class are entitled to recover from Defendant restitution, complete refunds of all fees paid defendants, disgorgement of revenues and profits obtained from unlawful practices, recission, unpaid expenditures, injunctive relief, declaratory relief, the cost of bringing this action (including reasonable attorneys' fees and costs), and any other relief allowed by law and deemed just and equitable in the circumstances.

WHEREFORE, Plaintiffs as individuals and on behalf of those similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

A. For an order certifying the class and any appropriate Class members thereof and appointing Plaintiffs and their counsel to represent the Class in this litigation;

---

COMPLAINT (CLASS ACTION)                                                                 32

1    B.    For an order pursuant to *California Business and Professions Code section 17203*

2    and other unfair competition laws and/or consumer protection laws of California enjoining

3    Defendants from engaging in the wrongful practices alleged in this Complaint;

4    C.    For judgment against Defendants ordering it to restore to Plaintiffs and the Class

5    Members all amounts which may have been acquired by means of any practices found by the Court

6    to be contrary to the provisions of *California Business and Professions Code sections 17200, et*

7    *seq.* and other applicable laws;

8    D.    For judgment against Defendants ordering it to disgorge its unlawfully-obtained

9    revenues, which may have been acquired by means of practices found by this Court to be contrary

10   to the provisions of *California Business and Professions Code sections 17200, et seq.* and under

11   other applicable laws;

12   E.    For judgment against Defendants ordering it to pay civil damages to Plaintiffs and

13   the Class;

14   F.    For judgment against Defendants ordering them to pay punitive and/or exemplary

15   damages to Plaintiffs and the Class;

16   G.    For payment of attorneys' fees and costs pursuant to *California Code of Civil*

17   *Procedure section 1021.5* and/or pursuant to the "common fund" doctrine and/or pursuant to

18   equitable principles of contribution and/or other applicable method of awarding attorneys' fees and

19   costs in class actions;

20   H.    For payment of costs of suit incurred herein;

21   I.    For payment of prejudgment interest as provided by law; and

22   J.    For any such further relief as this Court deems equitable, just and proper.

23

24

25

26

27

28

COMPLAINT (CLASS ACTION)                                                                          33

1      DEMAND FOR JURY TRIAL

2          Plaintiffs and the members of the Class hereby demand a trial by jury on all issues for

3   which a right to jury trial exists.

4
                                    Respectfully submitted,
5
                               RIDOUT LYON + OTTOSON, LLP
6

7   Dated: March 1, 2013         By:
8                                    Christopher P. Ridout, CA Bar No. 143931
                                     Devon M. Lyon, CA Bar No. 218293
9                                    Caleb LH Marker, CA Bar No. 269721
                                     555 E. Ocean Boulevard, Suite 500
10                                   Long Beach, CA 90802
                                     Phone: (562) 216-7380
11                                   Fax: (562) 216-7385

12                                   HERMAN GEREL LLP
                                     Christopher V. Tisi (Pro Hac Vice Admission Pending)
13                                   Bar No. DC 412839; MD 04286
                                     cvtisi@aol.com
14                                   2000 L Street, NW Suite 400
                                     Washington, D.C., 20036
15                                   Phone 202-783-6400
                                     Fax: 202-416-6392

16                                   Michelle A. Parfitt (Pro Hac Vice Admission Pending)
                                     Bar No. VA 33650; DC 358592
17                                   mparf@aol.com
                                     James F. Green (Pro Hac Vice Admission Pending)
18                                   Bar No. VA 24915; DC 214965; MD 208980
                                     jgreen@ashcraftlaw.com
19                                   4900 Seminary Road, Suite 650
                                     Alexandria, Virginia 22311
20                                   Phone: 703-931-5500
                                     Fax: 703- 820-0630
21
                                     Maury A. Herman (Pro Hac Vice Admission Pending)
22                                   Bar No. LA 006815
                                     mherman@hhkc.com
23                                   Leonard A. Davis (Pro Hac Vice Admission Pending)
                                     Bar No. LA 14190
24                                   ldavis@hhkc.com
                                     820 O'Keefe Avenue
25                                   New Orleans, LA 70113
                                     Phone: 504-581-4892
26                                   Fax: 504-561-6024

27

28

COMPLAINT (CLASS ACTION)                                                          34

Andrea S. Hirsch (Pro Hac Vice Admission Pending)
Bar No. GA 666557
ahirsch@hermangerel.com
230 Peachtree Street, Suite 2260
Atlanta, GA 30303
Telephone: 404-880-9500
Fax: 404-880-9605

**THE SPENCE LAW FIRM**
G. Bryan Ulmer, III (Pro Hac Vice Admission Pending)
ulmer@spencelawyers.com
Bar No. WY 6-2943
Mel C. Orchard, III (Pro Hac Vice Admission Pending)
Bar No. WY 5-2984
orchard@spencelawyers.com
R. Daniel Fleck (Pro Hac Vice Admission Pending)
Bar No. WY 6-2668
fleck@spencelawyers.com
PO Box 548 • 15 South Jackson Street
Jackson, Wyoming 83001
Phone: 307-733-7290
Fax: 307-733-5248

**JAMIESON & ROBINSON, LLC**
John H. Robinson (Pro Hac Vice Admission Pending)
Bar No. WSB 6-2828
robinsn@vcn.com
214 S. Grant Street
Casper, WY 82601
Phone: 307-235-3575
Fax: 307-307-577-9435

**LEVIN, FISHBEIN, SEDRAN & BERMAN**
Frederick S. Longer (Pro Hac Vice Admission Pending)
Bar No. PA 46653
flonger@lfsblaw.com
Arnold Levin (Pro Hac Vice Admission Pending)
Bar No. PA 02280
alevin@lfsblaw.com
Daniel L. Levin (Pro Hac Vice Admission Pending)
Bar No. PA 80013
dlevin@lfsblaw.com
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106-3697
Phone: 877-882-1011
Fax: 215-592-4663

**Attorneys for Plaintiffs**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Christopher P. Ridout, Esq. (SBN 143931)
RIDOUT LYON + OTTOSON, LLP
555 E. Ocean Blvd., Ste. 500
Long Beach, CA 90802
TELEPHONE NO.: (562) 216-7380    FAX NO.: (562) 216-7385
ATTORNEY FOR (Name): Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street.
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

FOR COURT USE ONLY

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 0 5 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

CASE NAME:
Winslow v. Sultan Financial Corporation

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **B C 5 0 2 3 0 4**<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify):
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: March 1, 2013
Christopher P. Ridout, ESQ.
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
                                                                                                              Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit A Pg 43

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
Product Liability (not asbestos or toxic/environmental) (24)
Medical Malpractice (45)
    Medical Malpractice–Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (not medical or legal)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
    Contract/Warranty Breach–Seller Plaintiff (not fraud or negligence)
    Negligent Breach of Contract/Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (not provisionally complex) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (not eminent domain, landlord/tenant, or foreclosure)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (non-domestic relations)
    Sister State Judgment
    Administrative Agency Award (not unpaid taxes)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified above) (42)
    Declaratory Relief Only
    Injunctive Relief Only (non-harassment)
    Mechanics Lien
    Other Commercial Complaint Case (non-tort/non-complex)
    Other Civil Complaint (non-tort/non-complex)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (not specified above) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

Exhbit A Pg 44

| SHORT TITLE: Winslow v. Sultan Financial Corporation | CASE NUMBER: B C 5 0 2 3 0 4 |
|---|---|

**FOR COURT USE ONLY**

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 0 5 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

BY FAX

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Auto Tort** — Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** — Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |

LACIV 109 (Rev. 01/11)
LASC Draft 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

Exhbit A Pg 45

| SHORT TITLE: Winslow v. Sultan Financial Corporation | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Employment | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Contract | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Winslow v. Sultan Financial Corporation | CASE NUMBER |
|---|---|

|  | | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/11)
LASC Draft 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

Exhbit A Pg 47

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Winslow v. Sultan Financial Corporation | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| ☑1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | 2211 Corinith Ave., Suite 300 |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| Los Angeles | CA | 90064 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Los Angeles Superior Court [Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __March 1, 2013__

(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 (Rev. 01/07).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/11)
LASC Draft 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

Exhbit A Pg 48

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES

Case Number _____

**BC502304**

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Lee Smalley Edmon | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Anthony J. Mohr | 309 | 1409 |
| Judge William F. Highberger | 307 | 1402 |

### Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

Exhbit A Pg 49

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (   )<br>CHRISTOPHER P.RIDOUT      SBN 143931<br>RIDOUT & LYON, LLP<br>555 E. OCEAN<br>STE 500<br>LONG BEACH CA 90802<br>562/216-7380 | FOR COURT USE ONLY |
|---|---|
| ATTORNEY FOR:     PLAINTIFF | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES |
| LOS ANGELES SUPERIOR CRT, LOS ANGELES<br>CENTRAL DISTRICT-STANLEY MOSK<br>111 N. HILL STREET<br>LOS ANGELES, CA. 90012 | APR 0 4 2013<br>John A. Clarke, Executive Officer/Clerk<br>BY _____, Deputy<br>Robin Sanchez |

| PLAINTIFF/PETITIONER:     WINSLOW | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   SULTAN FINANCIAL CORPORATION | BC502304  D 307 |

| PROOF OF SERVICE OF SUMMONS | REF NO. OR FILE NO.:<br>W88215/WINSLOW |
|---|---|

1. At the time of service I was at least 18 years of age and not a
   party to this action.

2. I served copies of the:

   SUMMONS AND COMPLAINT
   CIVIL CASE COVER SHEET
   CIVIL CASE COVER SHEET ADDENDUM
   AND STATEMENT OF LOCATION
   NOTICE OF CASE ASSIGNMENT

3. a. Party served:

   AARON'S, INC. D/B/A " AARON'S SALES AND LEASE
   OWNERSHIP" BY SERVING THE AGENT FOR SERVICE OF
   PROCESS CSC-LAWYERS INCORPORATING SERVICE

   b. Person served:

   BECKY DEGEORGE

   Title:

   PROCESS SPECIALIST (AUTHORIZED TO ACCEPT)

4. Address where party was served:

   2710 GATEWAY OAKS DRIVE
   SUITE 150N
   SACRAMENTO CA 95833

5. I served the party

   a. BY PERSONAL SERVICE. I personally delivered the documents listed
   in item 2 to the party or person authorized to receive service

Form Adopted for Mandatory Use
Judicial Council of California POS-010
(Rev. July 2012)

PROOF OF SERVICE OF SUMMONS

Code of Civil Procedure   417.10
Invoice No   445919

Exhbit A Pg 50

| PLAINTIFF/PETITIONER: | WINSLOW | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | SULTAN FINANCIAL CORPORATION | BC502304 |

of process for the party
(1) ON: 03/19/13  (2) AT: 09:40 AM

6  The "Notice to the Person Served" was completed as follows:
on behalf of : AARON'S, INC. D/B/A " AARON'S SALES AND LEASE
OWNERSHIP" BY SERVING THE AGENT FOR SERVICE OF
PROCESS CSC-LAWYERS INCORPORATING SERVICE

under CCP 416.10 (Corporation)

7.  Person who served papers
a. Name:                      CARLTON XICOTENCATL
b. Address:                   P.O. 91985 LONG BEACH, CA 90809
c. Telephone Number:          562/595-1337
d. The fee for service was:      70.00
e. I am:
      (3)  registered California process server:
            (i)   Employee or independent contractor.
            (ii)  Registration No.:          SACRAMENTO Expires:
            (iii) County:               1999-86

8.  I declare       under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

03/27/13

CARLTON XICOTENCATL                          >

SIGNAL ATTORNEY SERVICE, INC , LOS ANGELES CO  REG# 4941, EXPIRES

Form Adopted for Mandatory Use          PROOF OF SERVICE OF SUMMONS          Code of Civil Procedure,  417.10
Judicial Council of California POS-010                                        Invoice No.    5450|4
(Rev. July, 2012)

Exhbit A Pg 51

FILED
LOS ANGELES SUPERIOR COURT

APR 0 4 2013

JOHN A. ~~~~~ CLERK

BY ALDWIN LIM, DEPUTY

1
2
3
4
5
6
7
8
9

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

10 | MICHAEL WINSLOW and FONDA
11 | WINSLOW
          Plaintiffs,
12
         vs.
13
   SULTAN FINANCIAL CORPORATION, et
14 | al.
          Defendants.
15

Case No.: BC502304

INITIAL STATUS CONFERENCE ORDER
(COMPLEX LITIGATION PROGRAM)

Case Assigned for All Purposes to
Judge William F. Highberger

Department: 307
Date: May 13, 2013
Time: 2:30 p.m.

16
17
18        This case has been assigned for all purposes to Judge William F. Highberger in the
19 Complex Litigation Program.  An Initial Status Conference is set for May 13, 2013 at 2:30 p.m. in
20 Department 307 located in the Central Civil West Courthouse at 600 South Commonwealth
21 Avenue, Los Angeles, California 90005.  Counsel for all parties are ordered to attend.
22        The court orders counsel to prepare for the Initial Status Conference by identifying and
23 discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to
24
25 initiate contact with counsel for defense to begin this process. Counsel then must negotiate and
26 agree, as much as possible, on a case management plan.  To this end, counsel must file a Joint
27 Initial Status Conference Class Action Response Statement five court days before the Initial Status
28

INITIAL STATUS CONFERENCE ORDER (CLASS ACTION)

Conference.  The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the use the Judicial Council Form CM-110 (Case Management Statement).

1. **PARTIES AND COUNSEL:**  Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. **POTENTIAL ADDITIONAL PARTIES:**  Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added.  Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

3. **IMPROPERLY NAMED DEFENDANT(S):**  If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

4. **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in Apple Computer v. The Superior Court of Los Angeles County (2005) 126 Cal.App.4[th] 1253, please explain.  No prejudice will attach to these responses.

5. **ESTIMATED CLASS SIZE:**  Please discuss and indicate the estimated class size.

6. **OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**  Please list other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort.   Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

- Motion to Compel Arbitration,

- Early motions in limine,

- Early motions about particular jury instructions and verdict forms,

- Demurrers,

- Motions to strike,

- Motions for judgment on the pleadings, and

- Motions for summary judgment and summary adjudication.

   **NOTE: Effective 2012, by stipulation a party may move for summary adjudication of a legal issue or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty**[1]**. Counsel are to analyze, discuss, and report on the relevance of this powerful new procedure.**

   **9. CLASS CONTACT INFORMATION:** Counsel should discuss whether obtaining class contact information from defendant' s records is necessary in this case and, if so,  whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

---

[1] See Code Civ. Proc. § 437c, subd. (s)

-3-

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss a discovery plan. If the parties cannot agree on a plan, summarize each side's views on discovery. The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[2].

**12. INSURANCE COVERAGE:** Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**13. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- The next status conference,
- A schedule for alternative dispute resolution, if it is relevant,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

**15. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program

---

[2] See California Rule of Court, Rule 3.768.

requires the parties in every new case to use a third-party cloud service, such as:

- Case Anywhere (www.caseanywhere.com),

- Case HomePage (www.casehomepage.com), or

- File & Serve Express (www.lexisnexis.com/fileandserve).

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement. If there is agreement, please identify the vendor. If parties cannot agree, the court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[3] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

**Reminder When Seeking Approval of a Settlement–** Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of Professional Conduct 2-200(a) as required by Mark v. Spencer (2008) 166 Cal.App.4th 219.

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, *these proceedings are stayed in their entirety*. This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court;

---

[3] California Rule of Court, Rule 3.770(a)

-5-

1   however, any defendant may file a Notice of Appearance for purposes of identification of counsel

2   and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to

3   any challenge to the jurisdiction of the Court, substantive or procedural challenges to the

4   Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any

5   cross-complaint in this action. This stay is issued to assist the Court and the parties in managing

6   this "complex" case through the development of an orderly schedule for briefing and hearings on

7

8   procedural and substantive challenges to the complaint and other issues that may assist in the

9   orderly management of these cases.  This stay does not preclude the parties from informally

10  exchanging documents that may assist in their initial evaluation of the issues presented in this

11  case, however it stays all outstanding discovery requests.

12      Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order along

13  with a copy of the attached Guidelines for Motions for Preliminary and Final Approval of Class

14

15  Settlement on counsel for all parties, or if counsel has not been identified, on all parties, within

16  five (5) days of service of this order. If any defendant has not been served in this action, service is

17  to be completed within twenty (20) days of the date of this order.

18      If all parties have been served, have conducted the required meet and confer, and are ready

19  to fully participate in the status conference prior to the assigned date, counsel may contact the

20  clerk of Dept 307 and request an earlier date for the Initial Status Conference.

21

22

23  Dated:

24  4/4/13

25  _____

26  Judge William F. Highberger

27

28

-6-

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRYSTAL BYRD and BRIAN BYRD, Individually, and on Behalf of all Similarly Situated Persons, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil No. 11-101 |
| AARON'S, INC., ASPEN WAY ENTERPRISES, INC., d/b/a Aaron's Sales and Leasing, a franchisee of AARON'S, INC.; JOHN DOES (1-45) AARON'S FRANCHISEES; and DESIGNERWARE, LLC, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiffs Crystal and Brian Byrd, individually and on behalf of all similarly situated persons, by and through their undersigned attorneys allege the following.

## NATURE OF THE ACTION

1.   Plaintiffs, Crystal and Brian Byrd, bring this action on their own behalf and as a Class Action for the benefit of a class consisting of all customers of Aaron's, Inc. ("Aaron's"), its franchisees including Aspen Way Enterprises ("Aspen Way") and other John Doe franchisees (collectively hereafter referred to as the "Aaron's Defendants") who reside in the United States, who have purchased, leased, rented or rented to own ("RTO"), Aaron's computers and people who used said computers whose electronic communications and/or images were intercepted, accessed, monitored and/or transmitted by a spying device or software without authorization or permission, wherever they may reside in the United States of America.

2.      Plaintiffs and the Class seek damages caused by Defendants' unlawful invasion of privacy and interception of electronic communications and images in violation of the Federal Wiretap Act as amended by the Electronic Communications Privacy Act (hereinafter referred to as the "Wiretap Act" or the "Electronic Communications Privacy Act").

3.      Unbeknownst to Plaintiffs and the members of the Class, and without their authorization, Defendants have been spying on the activities of Plaintiffs and Class members through the use of the PC Rental Agent® device which was designed to, and in fact did, access, intercept, transmit, use and/or disclose electronic communications, and capture photographs of persons using computers in the privacy of their homes or other places in which they had reasonable expectations of privacy.  This spying device and/or spying software was installed and enabled surreptitious spying on Plaintiffs or Class members without their consent.

## THE PARTIES, JURISDICTION AND VENUE

4.      Plaintiffs and the Class bring this action pursuant to §§ 2511 and 2520 of title 18 of the United States Code also known as the Electronic Communication Privacy Act ("ECPA") or Wiretap Act.

5.      This Court has original jurisdiction of Plaintiffs' and the Class' federal law claims pursuant to 28 U.S.C. §§ 1331 and 1337.

6.      This Court also has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, as those claims are so related to the claims in the action within the original jurisdiction that they form part of the same case or controversy.

7.      Plaintiff Crystal Byrd is a resident of Casper, Natrona County, Wyoming, and was a customer of Aaron's and/or Aspen Way, by virtue of her rental and purchase of a laptop computer from the Aaron's store located at 4050 Plaza Drive, Casper, Wyoming.

2

Exh. B Pg 59

8.      Plaintiff Brian Byrd is a resident of Casper, Natrona County, Wyoming, and was an authorized user of an Aaron's and or Aspen Way's computer.

9.      Defendant DesignerWare, LLC, is a Pennsylvania limited liability corporation, with a principal place of business in North East, Pennsylvania. DesignerWare, LLC designed, manufactured, assembled, possessed, marketed, advertised and sold to the Aaron's Defendants the devices and/ or software (known as PC Rental Agent®) which permitted the illegal and wrongful activity further described herein.

10.     Defendant Aaron's is a Georgia corporation, with a principal place of business in Atlanta, Georgia, and has retail store locations through America, including Pennsylvania, and other states and territories of the United States.  During the time relevant to this Complaint, Aaron's Franchisees purchased, installed and/or used PC Rental Agent® and installed it on computers it offered for rent or sale without authorization from its customers.  As referenced through the facts alleged herein, Aaron's has purposely availed itself to the jurisdiction of the state of Pennsylvania by agreeing with its franchisees to open its portal on its internal intranet, which allowed and permitted its Aaron's stores throughout the country to utilize the DesignerWare server in Erie, Pennsylvania to invade the privacy of Plaintiffs and others, and to intercept their communications through Emails transmitted from Erie to the Aaron's stores, through the Aaron's portal and corporate server.

11.     Defendant Aspen Way Enterprises, Inc., d/b/a Aaron's Sales and Leasing, is a franchisee of Aaron's, Inc., and is a Montana business that has retail stores in Wyoming and other states.

3

12.    Pursuant to the franchise agreement between Aspen Way and the Doe Franchisees and Aaron's Inc., Aaron's retained and maintained the power, control and ability to revoke and terminate any Franchise for any reason it unilaterally deemed appropriate or necessary.

13.    At all times relevant to the facts alleged herein, Aaron's Inc. retained the control to prevent the Aaron's Franchisees' use of Aaron's corporate server and a portal Aaron's Inc. intentionally opened within Aaron's internal intranet, as well as Email transmitted through Aaron's corporate server, which allowed the Franchisees to intercept electronic communications and images, as alleged herein.

14.    Instead, Aaron's Inc. chose to permit such activity despite specific knowledge that its Franchise stores were utilizing the integral portal and Aaron's corporate server to secretly gather photographs of Aaron's customers in their home as well as their computer keystrokes and screenshots, all without the permission of those customers.

15.    During the time relevant to this Complaint, Aspen Way entered into an agreement with DesignerWare, and pursuant to that agreement, purchased, installed and used PC Rental Agent® from DesignerWare and installed it on computers Aspen Way offered for rent or sale without authorization from its customers. Pursuant to said agreement with DesignerWare, and through the use of PC Rental Agent®, and technical support offered by DesignerWare in Pennsylvania, Aspen Way purposely availed itself to the jurisdiction of the state of Pennsylvania.

16.    The John Does Defendants are Aaron's Franchisees who have entered into Agreements with DesignerWare, and who have, pursuant to those agreements, purchased PC Rental Agent® and installed it on their computers for rent or purchase without authorization from their customers.  Through the use of PC Rental Agent® and the technical support offered

4

by DesignerWare in Pennsylvania, the John Does purposely availed themselves to the jurisdiction of the state of Pennsylvania.

17.   Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c) as DesignerWare, LLC, the designer and distributor of PC Rental Agent® device and/or software, has its principal place of business is located in North East, Pennsylvania.  Moreover, in this district, DesignerWare receives, manages, stores, intercepts, discloses and transmits images secretly taken of Aaron's customers in their home or other places where customers had expectations of privacy, via computer webcams, as well as keystrokes, screen shots, and electronic communications intercepted by PC Rental Agent® and/or Software for the Aaron's Defendants.

18.   Venue is proper in this district because the Aaron's Defendants received, managed, accessed, intercepted and transmitted communications collected in this district, including the images secretly taken of customers via computer webcams, through the use of the PC Rental Agent® device and/or software intentionally installed on their rental computers throughout the country (including the computer rented, owned and used by class plaintiffs Crystal and Brian Byrd).

19.   In connection with the acts and conduct complained of below, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including the internet, or made such use possible.

## CLASS ACTION ALLEGATIONS

20.   Plaintiffs Crystal and Brian Byrd bring this action on behalf of themselves and a Class of all other persons similarly situated pursuant to Fed. R. Civ. P. 23 as defined as follows:

> All customers of the Aaron's Defendants who reside in the United States, who have purchased, leased, rented or rented to own,

5

Aaron's computers and people who used said computers whose electronic communications and/or images were intercepted, accessed, monitored and/or transmitted by Defendants via PC Rental Agent® or other devices or software without the customer's authorization.

21.     Specifically excluded from the Class are the Defendants themselves, any subsidiary of any of the Defendants, any family members of the Defendants who are such customers, all employees and directors of Defendants or any subsidiary, and their legal representatives.

22.     The Class is so numerous that joinder of all members is impracticable.  The customers of the Aaron's Defendants who have similarly purchased, leased, rented or rented to own ("RTO") such computers are estimated to be greater than eight hundred (800) individuals and entities.

23.     Plaintiffs' claims are typical of the Class, as plaintiffs and all other Class members were injured in exactly the same way – by the unauthorized collection, interception and/or transmission of their electronic communications and images, all through PC Rental Agent® installed on their Aaron's RTO computer.

24.     Plaintiffs will fairly and adequately represent the interests of the Class and have retained counsel competent and experienced in Class Action litigation.

25.     Plaintiffs have no interests that are contrary to or in conflict with those of the Class.

26.     A Class Action is superior to other available methods for the fair and efficient adjudication of this controversy under the acts described below.  Given the nature of these claims, the expense and burden of individual litigation make it virtually impossible for the Class members individually to seek redress for the unlawful conduct alleged.

6

27.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a Class Action.

28.     Common questions of law and fact exist as to all members of the Class and predominate over any questions effecting solely individual members of the Class.   Among the questions of law and fact, common to the Class:

a.     Whether Defendants' acts as alleged herein violated the ECPA.

b.     Whether Defendants' acts as alleged herein constituted invasions of Plaintiffs' privacy.

c.     Whether Defendants participated in and pursued the concerted action or common course of conduct complained of; and

d.     Whether Plaintiffs and members of the Class are entitled to compensatory damages, as well as statutory and punitive damages pursuant to the ECPA.

29.     Plaintiffs bring this action under Rule 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to all members of the Class, thereby making final relief concerning the Class as a whole appropriate.   Defendants' uniform conduct towards Plaintiffs and the other members of the Class makes certification under Rules 23 (b)(2) appropriate.

30.     Plaintiffs also bring this action under Rule 23(b)(3) because common questions of law and fact identified herein predominate over questions of law and fact affecting individual members of the Class.   Indeed, the predominant issues in this class are whether Defendants have violated the law by the unauthorized, inappropriate and undisclosed invasion of privacy, and by their remote interception and transmission of communications and information secretly obtained by computers rented, leased and/or sold to said Class members, and in the intentional

7

unauthorized interception and use of electronic and computer communications and information, including "screen shots," photographs and information (including keystrokes) relating to internet usage. Certification under Rule 23(b)(3) is appropriate because:

      a.    by virtue of the secret nature of the spying device and software described in this complaint, individual class members may not be aware that they have been wronged and are thus unable to prosecute individual claims;

      b.    concentration of the litigation concerning this matter in this Court is desirable;

      c.    the claims of the representative Plaintiffs are typical of the claims of the members of the purported class;

      d.    a failure of justice will result from the absence of a class action; and

      e.    the difficulties likely to be encountered in the management of this class action are not great.

## SUBSTANTIVE ALLEGATIONS[1]

### FACTS CONCERNING AARON'S STORES' USE OF PC RENTAL AGENT®

31.    Since 2007, franchise field consultants employed by Aaron's, Inc., have brought the PC Rental Agent® product to the attention of Aaron's Franchisee principals, and suggested they explore using it.

32.    Since at least June of 2009, Aspen Way and other Aaron's Franchisees have entered into agreements with DesignerWare, pursuant to which said Aaron's Defendants would

[1] A substantial portion of what is alleged herein was discovered through a document subpoena and a Rule 30(b)(6) deposition, permitted by Aaron's Inc. through a confidentiality agreement between Plaintiffs and Aaron's, Inc., which prohibits disclosure of documents containing the information alleged, and direct quotation from such materials or the deposition testimony. In the event this matter is not resolved at mediation, Plaintiffs will seek this information through conventional discovery or through such other means as agreed upon or ordered by the Court, so it may be disclosed to the Court. This footnote has been expressly disclosed to Aaron's Inc. prior to the filing of this amended pleading, and Aaron's Inc. approves its substance.

8

Exh. B Pg 65

purchase, and DesignerWare would provide, a spying device and software product called PC Rental Agent®, as well as technical support, and use of the DesignerWare server in Northeast, Pennsylvania, that would permit these Defendants to conduct the spying activity alleged herein.

33.    Since at least June of 2009, Aspen Way and numerous Aaron's Franchisees have secretly installed this spying device and/or software on Aaron's RTO computers.  As designed, PC Rental Agent®, would permit the Aaron's Defendants to remotely and surreptitiously access, monitor, intercept, and/or transmit electronic communications and images, including, but not limited to, images of monitors or screens ("screen shots"), keystrokes, as well as images captured by the computers' respective cameras ("webcams") of whatever person(s) was sitting in front of the computer, and whatever activity was occurring at the time the webcam was capturing the photographs.

34.    PC Rental Agent® makes possible such illegal, surreptitious, and unauthorized remote electronic surveillance, intrusion on Plaintiffs' seclusion, and the interception of protected communications.

35.    PC Rental Agent® is manufactured, assembled, advertised and sold to the Aaron's Defendants by DesignerWare for the purpose of allowing the Aaron's Defendants to remotely spy on Plaintiffs, as well as track, access, monitor, intercept and/or transmit electronic communications on Aaron's RTO computers.

36.    PC Rental Agent® is a device and/or software that is manufactured, advertised to be and is, in fact, invisible or generally undetectable to customers and to other end users of Aaron's RTO computers.

37.    Once PC Rental Agent® is installed on the RTO computers, it permits the installer – in this case Aspen Way and the Franchisees -- to remotely "install" or "build" a

"Detective Mode" on the RTO computer over the internet and through the PC Rental Agent®
and/or DesignerWare website.

38.     After the Detective Mode has been remotely installed on the RTO computers, the
installer is able to choose various levels of surveillance upon the RTO computer and the
computer users.   These various levels of surveillance permit the installer to secretly take
photographs with the RTO computers' webcams, and capture keystrokes, and screen shots.  The
surveillance is sent from DesignerWare to the installer through Email transmissions, which have
attachments that show those keystrokes, screenshots, and webcam images.

39.     Aaron's Inc., requires its franchise stores to receive Aaron's and Franchise-
business Email through Aaron's official "aarons.com" or "aaronrents.com" email accounts,
which are transmitted through the Aaron's, Inc. corporate server and/or intranet.

40.     Through Aaron's Inc.'s franchise agreements with Aspen Way and all of its
Franchisees ("franchise agreements") Aarons, Inc. prohibits Aspen Way and all of its
Franchisees from using any website in connection with franchised business without the express
consent of Aarons, Inc.  The agreements further provide that such consent may be arbitrarily
withheld by Aarons, Inc.

41.     Pursuant to the franchise agreements, once the express consent to use a website is
granted, Aaron's, Inc. retains the right to monitor the use and content of any such website
accessed or used in connection with the all of its Franchisees' business; and, upon Aaron's
request, the Franchisees must provide Aaron's Inc. with access and any other information related
to any website as is requested by, and in the sole discretion of, Aaron's, Inc.

42.     Before consent was obtained from Aaron's, Inc., concerning its Franchisees'
access or use of the DesignerWare's or PC Rental Agent® website(s), a firewall within the

10

Aaron's corporate server prevented the Franchise stores from being able to access said website(s), or install the Detective Mode on the RTO computers held by Plaintiffs and other Aaron's customers; and thus, at that time the use of PC Rental Agent® by Aaron's Franchisees', including Aspen Way, was not possible.

43.    By at the latest, June 15, 2009, at the request of an Aaron's Franchisee, Aaron's Inc. expressly consented to the use of the DesignerWare's and/or PC Rental Agent® website(s), by opening a portal on the Aaron's intranet, allowing the Franchisee to access the DesignerWare website and use the PC Rental Agent® to install the Detective Mode on RTO computers, and thereafter illegally spy on Aaron's customers, all through the Aaron's corporate server.

44.    After June 15, 2009, Aaron's Inc. consented to its Franchisees' (including Aspen Way) use of and access to the DesignerWare and/or PC Rental Agent® website(s) on multiple occasions for various Franchisee stores, including Aspen Way, on multiple occasions including the following dates: July 31, 2009, February 2, 2010, May 10, 2010, and November 2, 2010.

45.    Eventually, Aaron's Inc. consented to all of its Franchisees' use of the DesignerWare and/or PC Rental Agent® website(s), and it opened the portal for all such businesses, allowing Franchise stores throughout the country, which were selling and leasing Aaron's computers, to build the Detective Mode and use the PC Rental Agent® through the Aaron's corporate server, and thereafter to secretly spy on their customers and access their customers' computers, from which they captured keystrokes, screen shots, and photographs taken with the computers' respective webcams, also through the Aaron's corporate server.

46.    The merchandising department for Aaron's, Inc. publishes a weekly newsletter called The Source, within which they have offered technical support information to their

Franchisees concerning the use of PC Rental Agent® and the resolution of conflicts existing between it and other antivirus software.

47.     Between June 15, 2009 and December 15, 2011, Aaron's Inc. never denied any of its Franchisees' requests for consent to access or use the DesignerWare or PC Rental Agent® website(s).

48.     On September 2, 2010, Aaron's Vice President Scott Harvey, and other top executive officers within Aaron's Inc., were advised through a series of Emails from other corporate employees that the PC Rental Agent®, which its Franchisees were using, was very intrusive, key-logging all the customer's key strokes, transmitting images of the customers' screenshots, and transmitting photographs of computer users taken through the customers' webcams. The series of Emails included an example of the spying capabilities.

49.     By September 2, 2010 – at the latest – Aaron's Inc. knew that by consenting to its Franchisees' access to and use of the DesignerWare or PC Rental Agent® website(s), and requiring that such use of and access to such website(s) be through its corporate intranet and corporate server as well as that the images and data gathered in such spying activity be transmitted to the Franchisee stores through Aaron's corporate server, Aaron's Inc. was intimately and integrally involved with its Franchisees' acts of building Detective Mode and spying upon Aaron's customers.

50.     Despite this knowledge, Aaron's Inc. did not revoke its consent for its Franchisees' use of or access to the DesignerWare or PC Rental Agent® website(s) for more than 15 months, and instead, chose to continue permitting such access and use of the websites and the spying activity, all through its corporate intranet and server.

Exh. B Pg 69

51.      Aaron's did not tell its Franchisees to stop using the PC Rental Agent® to spy on customers, and in fact, did not see anything wrong with its Franchisees' activities.

52.      After learning of the true capabilities of PC Rental Agent®, in the fall of 2010, Aaron's Inc. conducted an analysis of the benefits of the PC Rental Agent® by comparing its Franchisees' pre and post installation profits, to determine the PC Rental Agent®'s effectiveness, and to decide if it might be something its corporate stores should have (the "Beta study").

53.      Both during and after the Beta study, Aaron's Inc. engaged in discussions with another vendor of similar spying software to determine capabilities and cost for Aaron's corporate.

54.      Because it was an integral link in the process of allowing Aaron's Franchisees to build the Detective Mode and then gather the illegally obtained information through the Aaron's corporate server, Aaron's Inc., retained electronic duplicates of every Email containing all the illegally intercepted communications and images.

55.      It has been the practice and policy of the Aaron's Defendants to conceal from their customers – and not expressly reveal nor obtain such customers' consent or authority to permit – their ability to remotely intrude upon the seclusion of Plaintiffs and Aaron's customers in their homes or other private areas, or to remotely access, intercept and monitor customers' private, personal electronic communications, information, screen shots, keystrokes or images captured on webcams and to further disclose to consumers exactly the kinds of private information and images that can be and were routinely collected, transmitted and stored.

56.      The Aaron's Defendants' sales, rental or lease agreements neither seek permission from, nor disclose to RTO customers the presence of PC Rental Agent® nor its ability to monitor

and intercept communications, photographs taken with the webcam, and other data from Aaron's RTO computers, wherever those computers may be.

## FACTS REGARDING THE BYRDS

57.    On July 30, 2010, Plaintiff Crystal Byrd entered into an Aaron's RTO lease agreement for a "Dell Inspiron 14" laptop computer.  The Byrd lease agreement provided that Crystal Byrd would pay three separate installments by November 15, 2010 for the purchase of said computer.

58.    The Byrd lease agreement did not disclose that the Aaron's Defendants had installed a device which could monitor the Byrds in their home, and intercept their private communications.

59.    The Byrd's timely paid off the lease "in full," according to the lease agreement terms, by October 1, 2010.

60.    Beginning on November 16, 2010 at 10:51 pm, Aspen Way initiated Detective Mode on the Byrd's computer and kept Detective Mode running through December 20, 2010.

61.    On December 20, 2010, at 3:00 pm E.S.T., Brian Byrd was using the aforementioned computer, playing poker on the internet, when – unbeknownst to him and without his permission or authority – a photograph of him and a screenshot of his computer screen, showing the internet page with which he was communicating, and from which he was receiving communications, as well as the keystrokes he was entering into the computer while communicating with the online internet site, were captured and sent from his computer to the DesignerWare server in Pennsylvania, which, in turn, transmitted said intercepted information via Email to Aspen Way's store in Casper, Wyoming, through the Aaron's corporate server in Atlanta, Georgia.

14

Exh. B Pg 71

62. On approximately 347 occasions on 11 different days between November 16, 2010 and December 20, 2010, the Byrds' computer was secretly accessed by Aspen Way, resulting in their images being taken with the webcam and their communications being stolen, all via PC Rental Agent® and the DesignerWare and Aaron's Inc. corporate server.

63. On or about the 22nd day of December, 2010, Christopher Mendoza, the store manager for the Aaron's Aspen Way store in Casper, Wyoming, went to the home of class representatives Brian and Crystal Byrd. At that time, Mendoza incorrectly claimed that the Byrds were in default on their lease agreement and demanded that the Byrd computer be returned to Aaron's. To further support his attempts to collect the Byrd computer, Mendoza informed co-plaintiff Brian Byrd that he had obtained a photograph of Brian Byrd while using the internet on his computer – and Mendoza showed Byrd the photograph and screenshot which had been taken and intercepted remotely using the PC Rental Agent® as referenced in the preceding paragraph. When Brian Byrd demanded that Mendoza explain how Mendoza had obtained an unauthorized photograph, Mendoza responded that he was not supposed to disclose that Aaron's had the photograph.

64. Byrd told Mendoza that, contrary to Mendoza's claim, the computer had been paid "in full" and advised that Mendoza needed to leave, at which point Mendoza left the Byrd residence.

65. Following his encounter with Mendoza, co-plaintiff Brian Byrd contacted law enforcement to report the incident. Law enforcement responded to the Byrd residence and commenced an investigation.

66. The law enforcement investigation determined that on or about the 22nd of December, Mendoza was directed by his supervisor, Sian Baker, to retrieve Crystal Byrd's

15

computer because the Byrds were allegedly (but incorrectly) in default of their RTO lease agreement.

67.    Upon information and belief, Baker provided Mendoza the photograph of Brian Byrd taken by the PC Rental Agent® device; the photograph that Mendoza later showed to Brian and Crystal Byrd, and directed Mendoza to repossess the computer.

68.    The law enforcement investigation further determined that one or more of the Aaron's Defendants routinely installed the PC Rental Agent® device and/or software on all Aaron's RTO computers, and that this device and/or software permitted Defendants to remotely gather, intercept, transmit and store private electronic images, information and communications from RTO customers, including but not limited to photographs, screen shots and keystrokes.

69.    The law enforcement investigation further determined that the Aaron's Defendants purchased the spying device called PC Rental Agent® from co-defendant DesignerWare.

70.    Ashton Kelly, an agent or employee of DesignerWare, was interviewed by law enforcement and he confirmed that the PC Rental Agent® permitted (and continued to permit) the Aaron's Defendants to gather, transmit and store screen shot images, keystrokes and photographs taken via the webcam without the customer's knowledge or consent

71.    Ashton Kelly further advised law enforcement that the photographs are taken remotely via the webcam through "prompting," which occurs when the customer receives a "pop-up" box on his computer screen which states that the customer's windows system registry, or part of the windows software, needs to be registered.

72.    The "pop-up" box described in the previous paragraph further requires the Aaron's RTO customer (or any authorized user) to enter his or her name, address and telephone

16

number, after which they are given access to the computer.  At the time the user enters the information, the PC Rental Agent® causes the webcam to take, transmit and store an unauthorized photograph and other data of the user entering the information.  Neither the "pop-up" box nor any other statement from any Defendant (including the Rental Agreement) notified or advised the Byrds (or any end user) that private electronic communications and images were being intercepted, transmitted and/or monitored.

73.    While law enforcement was conducting its investigation at the Casper Aaron's store, a law enforcement officer observed an unauthorized photograph of another Aaron's customer, and was told that Aaron's stores regularly received Emails from DesignerWare with unauthorized photographs and other communications taken of customers and authorized users through the use of the PC Rental Agent®.

## EXTENT OF FRANCHISEES' USE OF PC RENTAL AGENT®

74.    Aaron's Inc.'s express consent to permit its Franchisees to access and use the DesignerWare and PC Rental Agent® website(s) through the Aaron's Inc. corporate intranet and server has resulted in several hundred thousands of occasions when its Franchisees' illegally spied upon its customers and intercepted their personal and private information and electronic communications.

75.    Aspen Way alone spied on its customers and intercepted their personal and private information and electronic communications on more than fifty thousand (50,000) occasions.

76.    The images gathered by Franchisees' secret spying activity, via use of PC Rental Agent® and the DesignerWare and Aaron's corporate servers, included photographs taken through the webcam of individuals in various private and compromising positions.

17

Exh. B Pg 74

77.   The electronic information which defendants intercepted from members of the class included personal and/or private information.

78.   Defendants' do not filter sensitive or private data when they illegally intercept such private information from the members of the class, regardless of whether that information comes from inside the privacy of the class members' homes or elsewhere.

79.   Between June of 2009 and January of 2012, more than 800 Aaron's customers have had their images, keystrokes, screen shots, private and personal information and communications captured from their computers and transmitted from their computers to Aaron's Franchisee stores and their employees, without their knowledge.

80.   Of those customers referenced in the preceding paragraph, most of them have had their privacy invaded and their seclusion intruded upon by Defendants by the surreptitious use of the webcam on their computers, and the resulting photographs captured from the webcams on their computers, whether those were taken in their homes, or in other places in which Plaintiffs had a reasonable expectation of privacy.

81.   In December of 2011, Aaron's, Inc. expressly revoked its consent for its Franchisees to access or use DesignerWare or PC Rental Agent® website(s), and began taking steps to close the portal on its intranet so its Franchisees could no longer access DesignerWare or utilize the PC Rental Agent® spying device and software through the Aaron's corporate server and intranet.

82.   The last known transmission of illegally intercepted images, keystrokes, screen shots and other protected and private information, which passed through the Aaron's corporate server, occurred in January of 2012.

Exh. B Pg 75

83.     At all times relevant to this Complaint, Aaron's, Inc. retained actual and sufficient authority and control over Aspen Way and the other Franchisees who utilized PC Rental Agent® to spy on their customers, so as to be vicariously liable for the acts of the Franchisee.  Aaron's, Inc. retained such authority and control through their various agreements with their Franchisees, including but not limited to, requiring the Franchisees to comply with a binding operations manual, the contents of which were promulgated by Aaron's, Inc., and over which they maintained absolute control; and, preserving the unilateral ability to immediately terminate and revoke any Franchise for failing to comply with the binding operations manual.

84.     The agreements between Aaron's, Inc. and its Franchisees gave Aaron's, Inc. the following exclusive, and unilateral authority and control over the Franchisees' businesses:

    a.    hours of operation;

    b.    inventory;

    c.    store appearance;

    d.    equipment requirements, including mandatory purchase of equipment packages;

    e.    approval and consent concerning any proposed leased premises;

    f.    uniform accounting and reporting practices and procedures;

    g.    determination of, and restriction concerning, product lines;

    h.    determination of, and restriction concerning, sources of supply;

    i.    use of internet through Aaron's intranet and requiring Aaron's consent concerning any website the Franchisees wished to access for business purposes

19

j.     mandating transmission of Franchisee business Email through Aaron's corporate server.

## CAUSES OF ACTION

### COUNT I

**(Violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511)**

85.    Plaintiffs repeat and re-allege each and every allegation above as if fully set forth herein.

86.    Defendants, either directly or by aiding, abetting and/or conspiring to do so, have intentionally intercepted and/or procured to be intercepted Plaintiffs' and Class members' electronic communications without Plaintiffs' or the Class members' knowledge, authorization, or consent in violation of 18 U.S.C. § 2511.

87.    Defendants, either directly or by aiding, abetting and/or conspiring to do so, have also intentionally used and/or procured to be used a devise to intercept the above-referenced electronic communications.

88.    Defendants, one or all of them, conspired to intercept the images and communications of Plaintiffs, as alleged herein.

89.    Through the agreement for the purchase of PC Rental Agent® from DesignerWare, and DesignerWare's provision of the software, server, and technical support to permit the illegal interception of electronic communications as alleged herein, Defendants, one or all of them, set out on a course of conduct with the intention of intercepting images and communications of Plaintiffs.

90.    An "electronic communication" is defined in § 2510(12) as any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in

Exh. B Pg 77

part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce.

91.     Defendants violated 18 U.S.C. § 2511(1)(a) by intentionally, collecting, gathering intercepting, endeavoring to intercept, transmit, procure, store any other person to intercept or endeavor to intercept Plaintiffs' and Class members' electronic communications.

92.     Defendants violated 18 U.S.C. § 2511(1)(c) by intentionally collecting, transmitting, storing and disclosing, or endeavoring to disclose, to any other person, the contents of Plaintiffs and Class members' electronic communications, knowing or having reason to know that the information was obtained through the interception of Plaintiffs' and class members electronic communications.

93.     Defendants violated 18 U.S.C. § 2511(1)(d) by intentionally using or endeavoring to use, the contents of Plaintiffs' and class members electronic communications, knowing or having reason to know that the information was obtained through the interception of Plaintiffs' electronic communications.

94.     Neither Plaintiffs nor class members authorized or consented to Defendants' interception of electronic communications.

95.     Aaron's, Inc. is directly liable for every interception which occurred after September 2, 2010, at the latest, at which time it knew what its express consent was permitting to occur by virtue of the use of the Aaron's Inc. corporate intranet, server and Email accounts; as well as for its determination to jointly continue its participation and to conduct a Beta study to determine the viability of the PC Rental Agent® or similar software for its corporate stores, rather than terminate its involvement and discontinue its express consent to allow such misconduct to occur through its corporate property and structure.

Exh. B Pg 78

96.     Aaron's, Inc. is also vicariously liable for the actions of its Franchisees, including Aspen Way, as it retained actual and sufficient control over its Aspen Way and its Doe Franchisees, as alleged herein, including, but not limited to controlling specific aspects of its Franchisees' business operations from which the injury arose, to wit: the mandated use of the Aaron's corporate intranet, server and Email and express consent that was required under the franchise agreements, and which it granted to its Franchisees, so they could access and use the PC Rental Agent® – all necessarily through Aaron's Inc. server.

97.     Section 2520 of the ECPA provides for a private cause of action and allows for declaratory and equitable relief as appropriate and statutory damages of the greater of $10,000 or $100 a day for each day of violation, actual and punitive damages, and reasonable attorney's fees and costs.

**COUNT II**

**(Invasion of Privacy)**

98.     Plaintiffs repeat and re-allege each and every allegation above as if fully set forth herein.

99.     These Defendants, through their concerted and agreed upon conduct as alleged herein, engaged in actions which constituted the intentional intrusion on the seclusion of plaintiffs' and their customers' private concerns, including, but not limited to, the private occurrences, communications, engagements, and otherwise personal and private engagements, transmissions and recordings of information, whether occurring in their homes or in other places in which plaintiffs and others had a reasonable expectation of privacy.

100.    Each Defendant's actions played an integral and necessary part, without which, these intrusions on seclusion and invasions of privacy could not have been committed, insofar as

22

Aspen Way intended to intrude upon Plaintiff's seclusion by purchasing PC Rental Agent® from DesignerWare; Aaron's, Inc. made such intrusion possible by opening the portal on its intranet so Aspen Way could access DesignerWare's server and website to use the PC Rental Agent® to activate and build the Detective Mode and begin spying on Plaintiffs, and by Aaron's Inc.'s choice to leave open such portal even after learning of the very intrusive nature of the PC Rental Agent® and what it was allowing the Franchisees to do; and by DesignerWare's creation of and provision of the software which made the spying possible, and the server which was the hub from which all of the spying activities were communicated to Franchisees through Aaron's server.

101.    The private information of Plaintiffs surreptitiously obtained as referenced herein, was viewed, posted, ogled, shared, available and displayed unnecessarily and illegally by Defendants in their Franchise stores, and elsewhere.

102.    Aaron's Inc. is directly liable for all of its direct participation in the illegal conduct alleged herein after September 2, 2010, at the latest, at which time it knew that its express consent was permitting to occur by virtue of the use of the Aaron's Inc. corporate intranet, server and Email accounts; as well as for its determination to jointly continue its participation and to conduct a Beta study to determine the viability of the PC Rental Agent® or similar software for its corporate stores, rather than terminate its involvement and discontinue its express consent to allow such misconduct to occur through its corporate property and structure.

103.    Aaron's, Inc. is also vicariously liable for the actions of its Franchisees, including Aspen Way, as it retained actual and sufficient control over its Aspen Way and its Doe Franchisees, as alleged herein, including, but not limited to controlling specific aspects of its Franchisees' business operations from which the injury arose, to wit: the mandated use of the

Exh. B Pg 80

Aaron's corporate intranet, server and Email and express consent that was required under the franchise agreements, and which it granted to its Franchisees, so they could access and use the PC Rental Agent® – all necessarily through Aaron's Inc. server.

104.    The intentional and deliberate intrusion on seclusion as referenced in the preceding paragraph and throughout this Complaint, did cause, and would cause, mental suffering, shame, or humiliation to persons of ordinary sensibilities, and thus, was substantial and highly offensive to reasonable persons, and thus, Plaintiffs and the Class members are entitled to compensatory damages for their injuries.

105.    The intentional and deliberate intrusion on seclusion as referenced herein constituted wanton, willful and malicious conduct justifying an award of punitive damages against these Defendants.

**COUNT III**

**(Conspiracy)**

106.    Plaintiffs repeat and re-allege each and every allegation above as if fully set forth herein.

107.    Of Defendants DesignerWare, Aspen Way, the Doe Franchisees, and/or Aaron's Inc., two or more of them acted with a common purpose to commit and do unlawful acts, to wit: to commit the tort of intrusion on seclusion, and thus invade the privacy of Plaintiffs and the class members; and to illegally and in violation of the ECPA, intercept electronic communications; all as alleged herein.

108.    One or more of the Defendants committed overt acts to further their common purpose as described here:

24

a.   DesignerWare designed and made available for sale, its spying software, PC Rental Agent®, and then provided and maintained a server in Northeast, Pennsylvania, within the Western District of Pennsylvania, and said server made possible the illegal acts complained of herein as it served as the hub through which all spying and collection of intercepted communications commended and was transmitted and conducted. Without the DesignerWare product and server, none of the illegal conduct was possible.

b.   Aspen Way and the Doe Franchisees entered into agreements with DesignerWare for the purchase of the spying software and the use of DesignerWare's server for the purpose of committing the illegal acts complained of herein, and then issued the commands that travelled through both the Aaron's Inc. server and the DesignerWare server, that remotely began and completed the installation of the Detective Mode upon the RTO computers, as well as the commands to commence the illegal spying and interception of personal, private and electronic communications. Without the commands given by Aspen Way and the Doe Franchises, none of the illegal conduct would have occurred.

c.   Aaron's Inc. expressly consented to, aided, assisted and directly participated in said spying activities while maintaining control and authority over its corporate intranet and server, as well as its Franchisees, as alleged herein, and after learning of the very illegal nature of the spying activities, which its express consent, aid and assistance made possible,

Exh. B Pg 82

chose to continue to expressly consent aid and abet in such illegal spying and, in fact, utilize its Franchisees' illegal conduct as a Beta study to determine if it might prove profitable for its corporation. Further, between September of 2010 and December of 2011, Aaron's was not a passive participant in the conspiracy, and did not withdraw or disavow participation in the conspiracy. Without expressly consenting to its Franchisees' requests, and thereafter providing the avenue to the DesignerWare and PC Rental Agent® website and server, and ultimately, the customers' RTO computers, and without its continued cooperation in allowing such illegal spying and interception of personal and private information and communications, none of the illegal conduct was possible

109.   The conduct of these Defendants was *per se*, malicious as they acted in concert to commit unlawful acts, and, alternatively, was malicious as they undertook the activity with the intent to injure Plaintiffs and the class, and was without legal justification.

110.   The conduct of these Defendants caused actual legal damage to Plaintiffs and the class as described herein, including, but not limited to, the statutory damages provided for in the ECPA, the compensatory damages to which they are entitled for the invasion of their privacy, the theft of their images and likeness, their personal and private information and communications, as well as their attorneys fees and punitive damages.

111.   The Defendants are jointly and severally liable for the compensatory damages caused to Plaintiffs and the Class.

Exh. B Pg 83

## COUNT IV

### (Aiding and Abetting)

112.    Plaintiffs repeat and re-allege each and every allegation above as if fully set forth herein.

113.    Aaron's Inc. aided and abetted Aspen Way and the Doe Franchisees in their acts of invading the privacy, and intercepting the private and personal information and communications – electronic and otherwise – of Plaintiffs and the Class; to wit: Aaron's Inc. knew, understood, or learned that tortuous and criminal acts had been, were, or would be committed, by Aspen Way and the Doe Franchisees; that those Defendants' tortuous and illegal conduct constituted breaches of common law and statutory duties toward Plaintiffs and the Class; and thereafter provided substantial assistance to those Defendants' in the form of physical assistance, participation and/or encouragement of their conduct.

114.    The substantial assistance provided by Aaron's, Inc., as alleged herein, included their express consent to permit Aspen Way and the Doe Franchisees to use and access the DesignerWare and/or PC Rental Agent® website(s) via the Aaron's, Inc. corporate intranet and server to build and install the Detective Mode on Aaron's customers' RTO computers, as well as their consent to allow Aspen Way and the Doe Franchisees to secretly spy on and invade the privacy of Aaron's customers in their homes, and intercept private and personal information and electronic communications, all through the Aaron's, Inc. server and the email accounts it owned and managed.

115.    Not only was the substantial assistance provided by Aaron's, Inc. a proximate cause of the resulting illegal conduct and damages to Plaintiffs and the Class, as alleged herein,

such illegal conduct and resulting damages was impossible without Aaron's substantial assistance.

116.    As alleged herein, Plaintiffs and the Class suffered damages as a result of such aiding and abetting by Aaron's, Inc., including but not limited to those referenced in paragraphs 95, 102, and 103.

117.    As a result, Aaron's is jointly and severally liable for the compensatory damages caused to Plaintiffs and the Class.

WHEREFORE, Plaintiffs Brian and Crystal Byrd, and all members of the Class, request judgment in their favor and against Defendants, jointly and severally, as follows:

a.    For an order certifying the Class under the appropriate provisions of Rule 23 and appointing Plaintiffs and their legal counsel to represent the Class;

b.    Awarding damages as provided by the Electronic Communications Privacy Act including declaratory relief, actual damages, punitive damages and reasonable attorneys' fees and costs to counsel for the Class pursuant;

c.    Awarding compensatory and punitive damages where appropriate for all other claims; and

d.    Granting such other and further relief as is just and proper.


## DEMAND FOR JURY TRIAL

Plaintiffs and the members of the Class hereby demand a trial by jury on all issues for which a right to jury trial exists.

Exh. B Pg 85

LEVIN, FISHBEIN, SEDRAN &
BERMAN

/s/ Frederick S. Longer
**Frederick S. Longer**
Bar No. PA 46653
flonger@lfsblaw.com
**Arnold Levin**
Bar No. PA 02280
alevin@lfsblaw.com
**Daniel C. Levin**
Bar No. PA 80013
dlevin@lfsblaw.com
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106-3697
Phone: 877-882-1011
Fax: 215-592-4663


**JAMIESON & ROBINSON, LLC**
**John H. Robinson**
Bar No. WSB 6-2828
robinsn@vcn.com
214 S. Grant Street
Casper, WY 82601
Phone: 307-235-3575
Fax: 307-307-577-9435

**THE SPENCE LAWFIRM**
**G. Bryan Ulmer, III**
ulmer@spencelawyers.com
Bar No. WY 6-2943
**Mel C. Orchard, III**
Bar No. WY 5-2984
orchard@spencelawyers.com
**R. Daniel Fleck**
Bar No. WY 6-2668
fleck@spencelawyers.com
PO Box 548 • 15 South Jackson Street
Jackson, Wyoming 83001
Phone: 307-733-7290
Fax: 307-733-5248


**HERMAN GEREL LLP**
**Christopher V. Tisi**
Bar No. DC 412839; MD 04286
cvtisi@aol.com
2000 L Street, NW Suite 400
Washington, D.C., 20036
Phone 202-783-6400
Fax: 202-416-6392


**Michelle A. Parfitt**
Bar No. VA 33650; DC 358592
mparf@aol.com
**James F. Green**
Bar No. VA 24915; DC 214965; MD
208980
jgreen@ashcraftlaw.com
4900 Seminary Road, Suite 650
Alexandria, Virginia 22311
Phone: 703-931-5500


**Maury A. Herman**
Bar No. LA 006815
mherman@hhkc.com
**Leonard A. Davis**
Bar No. LA 14190
ldavis@hhkc.com
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: 504-581-4892

**Andrea S. Hirsch**
Bar No. GA 666557
ahirsch@hermangerel.com
230 Peachtree Street, Suite 2260
Atlanta, GA 30303
Telephone: 404-880-9500

## CERTIFICATE OF SERVICE

    I, Andrea S. Hirsch, certify that a copy of the foregoing, SECOND AMENDED CLASS ACTION COMPLAINT was mailed via ECF to all counsel of record .

                    /s/ Andrea S. Hirsch
                    Andrea S. Hirsch
                    Attorney for Plaintiffs

Exh. B Pg 88

# EXHIBIT C

## U.S. District Court
## Western District of Pennsylvania (Erie)
## CIVIL DOCKET FOR CASE #: 1:11-cv-00101-SJM-SPB

BYRD et al v. AARON'S, INC. et al
Assigned to: Sean J. McLaughlin
Referred to: Susan Paradise Baxter
related Case: 1:12-cv-00264-SJM
Cause: 18:2511 Wiretapping

Date Filed: 05/03/2011
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: Federal Question

**Plaintiff**

**CRYSTAL BYRD**                    represented by    **Andrea S. Hirsch**
Herman Gerel
230 Peachtree Street, NW
Suite 2260
Atlanta, GA 30303
404-880-9500
Fax: 404-880-9605
Email: ahirsch@hermangerel.com
*ATTORNEY TO BE NOTICED*

**Christopher V. Tisi**
Herman Gerel
2000 L Street, NW, Suite 400
Washington, DC 20036
202-783-6400
Fax: 202-416-6392
Email: cvtisi@aol.com
*ATTORNEY TO BE NOTICED*

**Daniel C. Levin**
Levin, Fishbein, Sedran & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106
(215) 592-1500
Email: dlevin@lfsblaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Frederick S. Longer**
Levin, Fishbein, Sedran & Berman
510 Walnut Street
Ste. 500
Philadelphia, PA 19106
215-592-1500
Fax: 215-592-4663
Email: flonger@lfsblaw.com
*ATTORNEY TO BE NOTICED*

**James F. Green**

Exhibit C Page 89

Herman Gerel
4900 Seminary Road
Alexandria, VA 22311
703-931-5500
Fax: 703-820-0630
Email: jgreen@ashcraftlaw.com
*ATTORNEY TO BE NOTICED*

**John H. Robinson**
Jamieson & Robinson, LLC
214 South Grant Street
Casper, WY 82601
307-235-3575
Fax: 307-577-9435
Email: robinsn@vcn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Leonard A. Davis**
Herman, Herman, Katz & Cotlar, L.L.P.
820 O'Keefe Avenue
New Orleans, LA 70113
504-581-4892
Fax: 504-561-6024
Email: ldavis@hhkc.com
*ATTORNEY TO BE NOTICED*

**Maury A. Herman**
Herman Gerel
820 O'Keefe Avenue
New Orleans, LA 70113
504-581-4892
Fax: 504-561-6024
Email: mherman@hhkc.com
*ATTORNEY TO BE NOTICED*

**Michael W. Heaviside**
Herman Gerel
4900 Seminary Road, Suite 650
Alexandria, VA 22331
703-931-5500
Fax: 703-820-0630
Email: mheaviside@ashcraftlaw.com
*ATTORNEY TO BE NOTICED*

**Michelle A. Parfitt**
Herman Gerel
4900 Seminary Road, Suite 650
Alexandria, VA 22331
703-931-5500
Fax: 703-820-0630
Email: mparf@aol.com
*ATTORNEY TO BE NOTICED*

Exhibit C Page 90

**Plaintiff**

**BRIAN BYRD**                                          represented by   **Andrea S. Hirsch**
*Individually, and on Behalf of all*                                      (See above for address)
*Similarly Situated Persons*                                              *ATTORNEY TO BE NOTICED*

                                                                          **Christopher V. Tisi**
                                                                          (See above for address)
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **Daniel C. Levin**
                                                                          (See above for address)
                                                                          *PRO HAC VICE*
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **Frederick S. Longer**
                                                                          (See above for address)
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **James F. Green**
                                                                          (See above for address)
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **John H. Robinson**
                                                                          (See above for address)
                                                                          *PRO HAC VICE*
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **Leonard A. Davis**
                                                                          (See above for address)
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **Maury A. Herman**
                                                                          (See above for address)
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **Michael W. Heaviside**
                                                                          (See above for address)
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **Michelle A. Parfitt**
                                                                          (See above for address)
                                                                          *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**AARON'S, INC.**                                       represented by   **Neal R. Devlin**
                                                                          Knox, McLaughlin, Gornall & Sennett
                                                                          120 West Tenth Street
                                                                          Erie, PA 16501
                                                                          (814) 459-2800
                                                                          Fax: (814) 453-4530

                                                                          Exhibit C Page 91

Email: ndevlin@kmgslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard A. Lanzillo**
Knox, McLaughlin, Gornall & Sennett
120 West Tenth Street
Erie, PA 16501
(814) 459-2800
Email: rlanzillo@kmgslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kristine McAlister Brown**
Alston & Bird LLP
1201 W Peachtree St
Atlanta, GA 30309
404-881-7000
Fax: 404-881-7777
Email: kristy.brown@alston.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William H. Jordan**
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
404-881-7850
Fax: 404-881-7777
Email: bill.jordan@alston.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ASPEN WAY ENTERPRISES, INC.**
*doing business as*
AARON'S SALES AND LEASING, A FRANCHISEE OF AARON'S INC.

represented by **Anthony J. Williott**
Marshall, Dennehey, Warner, Coleman & Goggin
2900 U.S. Steel Tower
600 Grant Street
Pittsburgh, PA 15219
(412) 803-1193
Fax: 412-803-1188
Email: ajwilliott@mdwcg.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**W. Scott Hardy**
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One PPG Place, Suite 1900
Pittsburgh, PA 15222
412-394-3346
Fax: 412-232-1799

Exhibit C Page 92

Email: scott.hardy@ogletreedeakins.com
*TERMINATED: 07/11/2011*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James A. McGovern**
Marshall, Dennehey, Warner, Coleman &
Goggin
600 Grant Street
Suite 2900
Pittsburgh, PA 15219
(412) 803-1140
Email: jamcgovern@mdwcg.com
*ATTORNEY TO BE NOTICED*

**Michael E. Begley**
Moulton Bellingham PC
27 N. 27th Street, Crowne Plaza, Suite 1900
P.O. Box 2559
Billings, MT 59103
406-248-7731
Fax: 406-248-7889
Email: Mike.Begley@moultonbellingham.com

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michele L. Braukmann**
Moulton Bellingham PC
27 North 27th Street, Suite 1900
P.O. Box 2559
Billings, MT 59103-2559
406-248-7731
Fax: 406-248-7889
Email:
Michele.Braukmann@moultonbellingham.com

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ross W. McLinden**
Moulton Bellingham PC
Crowne Plaza, Suite 1900
27 North 27th Street
P. O. Box 2559
Billings, MT 59103-2559
(406) 248-7731
Fax: (406) 248-7889
Email:
Ross.McLinden@moultonbellingham.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Exhibit C Page 93

Theodore J. Kobus , III
Marshall, Dennehey, Warner, Coleman &
Goggin
1845 Walnut Street
18th Floor
Philadelphia, PA 19103-4797
(215) 575-2600
Email: tjkobus@mdwcg.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**DESIGNERWARE, LLC**             represented by   **Brian M. Mancos**
Burns White LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212
412-995-3000
Fax: 412-995-3300
Email: bmmancos@burnswhite.com
*ATTORNEY TO BE NOTICED*

**David B. White**
Burns White LLC
106 Isabella Street
Four Northshore Center
Pittsburgh, PA 15212-3001
995-3210
Fax: 995-3305
Email: dbwhite@burnswhite.com
*ATTORNEY TO BE NOTICED*

**Lyle D. Washowich**
Burns White LLC
106 Isabella Street
Pittsburgh, PA 15212
412-995-3004
Fax: 412-995-3305
Email: ldwashowich@burnswhite.com
*ATTORNEY TO BE NOTICED*

**Robert S. Bernstein**
Bernstein Law Firm, P.C.
707 Grant St.
Suite 2200 Gulf Tower
Pittsburgh, PA 15219
(412) 456-8101
Fax: 412-456-8251
Email: rbernstein@bernsteinlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN DOES (1-45) AARON'S
FRANCHISEES**

Exhibit C Page 94

| Date Filed | # | Docket Text |
|---|---|---|
| 05/03/2011 | 1 | COMPLAINT against AARON'S, INC., ASPEN WAY ENTERPRISES, INC., DESIGNERWARE, LLC, JOHN DOES (1-100) AARON'S FRANCHISEES (Filing fee $350, receipt number 0315-1952139), filed by CRYSTAL BYRD, BRIAN BYRD. (Attachments: # 1 Civil Cover Sheet) SUMMONS ISSUED (dm) (Entered: 05/03/2011) |
| 05/04/2011 | 2 | MOTION for attorney Leonard A. Davis to Appear Pro Hac Vice, (Filing fee $40, Receipt # 0315-1953844) by CRYSTAL BYRD amd BRIAN BYRD. (Attachments: # 1 Exhibit A Declaraton of Leonard Davis, # 2 Proposed Order) (Longer, Frederick) Modified on 5/5/2011. (dm) (Entered: 05/04/2011) |
| 05/04/2011 | 3 | MOTION for attorney James F. Green to Appear Pro Hac Vice, (Filing fee $40, Receipt # 0315-1953850) by CRYSTAL BYRD and BRIAN BYRD. (Attachments: # 1 Exhibit A Declaration James F. Green, # 2 Proposed Order) (Longer, Frederick) Modified on 5/5/2011. (dm) (Entered: 05/04/2011) |
| 05/04/2011 | 4 | MOTION for attorney Michael W. Heaviside to Appear Pro Hac Vice, (Filing fee $40, Receipt # 0315-1953856) by BRIAN BYRD, CRYSTAL BYRD. (Attachments: # 1 Exhibit A Declaration of Michael W. Heaviside, # 2 Proposed Order) (Longer, Frederick) (Entered: 05/04/2011) |
| 05/04/2011 | 5 | MOTION for attorney Maury A. Herman to Appear Pro Hac Vice, (Filing fee $40, Receipt # 0315-1953869) by BRIAN BYRD, CRYSTAL BYRD. (Attachments: # 1 Exhibit A Declaration of Maury Herman, # 2 Proposed Order) (Longer, Frederick) (Entered: 05/04/2011) |
| 05/04/2011 | 6 | MOTION for attorney Andrea S. Hirsch to Appear Pro Hac Vice, (Filing fee $40, Receipt # 0315-1953882) by BRIAN BYRD, CRYSTAL BYRD. (Attachments: # 1 Exhibit A Declaration of Andrea Hirsch, # 2 Proposed Order) (Longer, Frederick) (Entered: 05/04/2011) |
| 05/04/2011 | 7 | MOTION for attorney Michelle Parfitt to Appear Pro Hac Vice, (Filing fee $40, Receipt # 0315-1953892) by BRIAN BYRD, CRYSTAL BYRD. (Attachments: # 1 Exhibit A Declaration Michelle Parfitt, # 2 Proposed Order) (Longer, Frederick) (Entered: 05/04/2011) |
| 05/04/2011 | 8 | MOTION for attorney Christopher V. Tisi to Appear Pro Hac Vice, (Filing fee $40, Receipt # 0315-1953908) by BRIAN BYRD, CRYSTAL BYRD. (Attachments: # 1 Exhibit A Declaration of Christopher V. Tisi, # 2 Proposed Order) (Longer, Frederick) (Entered: 05/04/2011) |
| 05/06/2011 | | TEXT ORDER granting 2 Motion for Leonard A. Davis to Appear Pro Hac Vice. Signed by Judge Susan Paradise Baxter on 5/6/2011. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (css) (Entered: 05/06/2011) |
| 05/06/2011 | | TEXT ORDER granting 3 Motion for James F. Green to Appear Pro Hac Vice. Signed by Judge Susan Paradise Baxter on 5/6/2011. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (css) (Entered: 05/06/2011) |
| 05/06/2011 | | TEXT ORDER granting 4 Motion for Michael W. Heaviside to Appear Pro |

| | | |
|---|---|---|
| | | Hac Vice. Signed by Judge Susan Paradise Baxter on 5/6/2011. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (css) (Entered: 05/06/2011) |
| 05/06/2011 | | TEXT ORDER granting 5 Motion for Maury A. Herman to Appear Pro Hac Vice. Signed by Judge Susan Paradise Baxter on 5/6/2011. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (css) (Entered: 05/06/2011) |
| 05/06/2011 | | TEXT ORDER granting 6 Motion for Andrea S. Hirsch to Appear Pro Hac Vice. Signed by Judge Susan Paradise Baxter on 5/6/2011. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (css) (Entered: 05/06/2011) |
| 05/06/2011 | | TEXT ORDER granting 7 Motion for Michelle Parfitt to Appear Pro Hac Vice. Signed by Judge Susan Paradise Baxter on 5/6/2011. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (css) (Entered: 05/06/2011) |
| 05/06/2011 | | TEXT ORDER granting 8 Motion for Christopher V. Tisi to Appear Pro Hac Vice. Signed by Judge Susan Paradise Baxter on 5/6/2011. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (css) (Entered: 05/06/2011) |
| 05/09/2011 | 9 | MOTION for Temporary Restraining Order *Motion for Issuance of an Emergency Temporary Restraining Order and Imposition of Permanent Injunction Pursuant to Federal Rule of Civil Procedure 65* by BRIAN BYRD, CRYSTAL BYRD. (Attachments: # 1 Brief, # 2 Proposed Order, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10) (Longer, Frederick). Added MOTION for Permanent Injunction on 5/10/2011 (dm) (Entered: 05/09/2011) |
| 05/09/2011 | 10 | BRIEF in Support re 9 Motion for TRO, Motion for Permanent Injunction, filed by BRIAN BYRD, CRYSTAL BYRD. (dm) (Entered: 05/10/2011) |
| 05/10/2011 | | CLERK'S OFFICE QUALITY CONTROL MESSAGE re 9 Motion for TRO. ERROR: MULTIPLE Relief Motion Filed as One Relief. CORRECTION: Attorney advised in future that Motions of this nature are to be filed using the Motion Event and clicking on all the reliefs sought in said motion. Clerk of Court added Motion for Permanent Injunction. This message is for informational purposes only. CLERK'S OFFICE QUALITY CONTROL MESSAGE re 9 Motion for TRO. ERROR: Brief in Support should have been filed as separate document. CORRECTION: Attorney advised in future that documents of that nature are to be filed as separate documents. Clerk of Court docketed Brief in Support of Motion. This message is for informational purposes only. (dm) (Entered: 05/10/2011) |
| 05/10/2011 | 11 | MOTION for attorney John H. Robinson to Appear Pro Hac Vice, (Filing fee $40, Receipt # 0315-1959904) by BRIAN BYRD, CRYSTAL BYRD. (Attachments: # 1 Exhibit A Declaration of John H. Robinson, # 2 Proposed Order) (Longer, Frederick) (Entered: 05/10/2011) |
| 05/10/2011 | 12 | NOTICE of Appearance by David B. White on behalf of DESIGNERWARE, LLC. (White, David) (Entered: 05/10/2011) |
| | | |

Exhibit C Page 96

| 05/10/2011 | 13 | NOTICE of Appearance by Lyle D. Washowich on behalf of DESIGNERWARE, LLC. (Washowich, Lyle) (Entered: 05/10/2011) |
|---|---|---|
| 05/10/2011 | 14 | NOTICE of Appearance by Brian M. Mancos on behalf of DESIGNERWARE, LLC. (Mancos, Brian) (Entered: 05/10/2011) |
| 05/10/2011 | 15 | PRAECIPE to Reissue Summons by BRIAN BYRD, CRYSTAL BYRD (Hirsch, Andrea) (Entered: 05/10/2011) |
| 05/10/2011 | 16 | RESPONSE IN OPPOSITION *to Plaintiff's Motion for Issuance of an Emergency Temporary Restraining Order and Imposition of Permanent Injunction Pursuant to Federal Rule of Civil Procedure 65* filed by DESIGNERWARE, LLC. (Attachments: # 1 Proposed Order) (White, David) (Entered: 05/10/2011) |
| 05/11/2011 | 17 | ORDER, all parties' Willingness to proceed before Magistrate Judge due by 5/16/2011. Signed by Judge Susan Paradise Baxter on 5/11/11. (Attachments: # 1 Consent Form) (lrw) (Entered: 05/11/2011) |
| 05/11/2011 | | Summons Reissued as to *AARON'S, INC., BRIAN BYRD, DESIGNERWARE, LLC* (dm) (Entered: 05/11/2011) |
| 05/11/2011 | | TEXT ORDER granting 11 Motion for John H. Robinson to Appear Pro Hac Vice. Signed by Judge Susan Paradise Baxter on 5/11/11. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lrw) (Entered: 05/11/2011) |
| 05/12/2011 | 18 | NOTICE of Appearance by Richard A. Lanzillo on behalf of AARON'S, INC.. (Lanzillo, Richard) (Entered: 05/12/2011) |
| 05/12/2011 | 19 | NOTICE of Appearance by Neal R. Devlin on behalf of AARON'S, INC.. (Devlin, Neal) (Entered: 05/12/2011) |
| 05/12/2011 | 20 | MOTION for attorney KRISTINE MCALISTER BROWN to Appear Pro Hac Vice, (Filing fee $40, Receipt # 0315-1962333) by AARON'S, INC.. (Attachments: # 1 Affidavit, # 2 Proposed Order) (Lanzillo, Richard) (Entered: 05/12/2011) |
| 05/12/2011 | | TEXT ORDER granting 20 Motion for Kristine McAlister Brown to Appear Pro Hac Vice. Signed by Judge Susan Paradise Baxter on 5/12/11. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lrw) (Entered: 05/12/2011) |
| 05/12/2011 | | TEXT ORDER, in light of new counsel entering an appearance on this case, said counsel is to file its Willingness to proceed before Magistrate Judge by 5/16/2011. See Document 17 , dated 5/11/2011. Signed by Judge Susan Paradise Baxter on 5/12/11. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lrw) (Entered: 05/12/2011) |
| 05/12/2011 | 21 | BRIEF in Opposition re 9 Motion for TRO, Motion for Permanent Injunction, filed by AARON'S, INC. (Attachments: # 1 Exhibit TABLE OF CONTENTS, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 CERTIFICATE OF SERVICE) (Lanzillo, Richard) (Entered: 05/12/2011) |
| 05/12/2011 | | NOTICE of Telephonic Status Conference set for 5/13/2011 at 2:00 PM before the Honorable Sean J. McLaughlin. Attorney Hirsch shall initiate the |

Exhibit C Page 97

| | | call with all counsel on the line and call the conference line at 814-464-9615. Local counsel shall participate in person. Text-only entry; no PDF document will issue. This text-only entry constitutes the Court's order or notice on the matter (nk) (Entered: 05/12/2011) |
|---|---|---|
| 05/12/2011 | 22 | REPLY to Response to Motion re 10 Brief in Support of Motion, 9 Motion for TRO, Motion for Permanent Injunction, 21 Brief in Opposition to Motion, filed by CRYSTAL BYRD. (Attachments: # 1 Exhibit Police Report, # 2 Exhibit Robbins v. Lower Merion Stipulated Order, # 3 Proposed Order) (Hirsch, Andrea) (Entered: 05/12/2011) |
| 05/13/2011 | 23 | NOTICE *of Filing Affidavit of Richard Hill in lieu of Declaration of Richard Hill* by CRYSTAL BYRD re 9 Motion for TRO, Motion for Permanent Injunction. (Attachments: # 1 Affidavit Affidavit of Richard Hill) (Hirsch, Andrea) (Entered: 05/13/2011) |
| 05/13/2011 | | Minute Entry for proceedings held before Judge Sean J. McLaughlin: Status Conference held on 5/13/2011. Text-only entry; no PDF document will issue. This text-only entry constitutes the Courts order or notice on the matter (Court Reporter: Janis Ferguson) (nk) (Entered: 05/16/2011) |
| 05/16/2011 | 24 | MOTION for attorney Daniel C. Levin to Appear Pro Hac Vice, *for Plaintiffs* (Filing fee $40, Receipt # 0315-1965924) by BRIAN BYRD, CRYSTAL BYRD. (Attachments: # 1 Proposed Order, # 2 Exhibit A, # 3 Exhibit B) (Longer, Frederick) (Entered: 05/16/2011) |
| 05/16/2011 | 25 | CONSENT to Trial/Jurisdiction by US Magistrate Judge by DESIGNERWARE, LLC. (White, David) (Entered: 05/16/2011) |
| 05/16/2011 | 26 | DISTRICT JUDGE OPTION by AARON'S, INC. to have this case randomly assigned to a U.S. District Judge. (Devlin, Neal) (Entered: 05/16/2011) |
| 05/16/2011 | | TEXT ORDER granting 24 Motion for Daniel C. Levin to Appear Pro Hac Vice. Signed by Judge Susan Paradise Baxter on 5/16/11. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lrw) (Entered: 05/16/2011) |
| 05/16/2011 | | Case Reassigned to Judge Sean J. McLaughlin, presiding and Susan Paradise Baxter, referral. (dm) (Entered: 05/16/2011) |
| 05/16/2011 | 27 | CONSENT to Trial/Jurisdiction by US Magistrate Judge by CRYSTAL BYRD. (Hirsch, Andrea) (Entered: 05/16/2011) |
| 05/16/2011 | 28 | STATUS REPORT *and MOTION for Hearing* by CRYSTAL BYRD. (Hirsch, Andrea) Modified on 5/17/2011. (dm) (Entered: 05/16/2011) |
| 05/17/2011 | | TEXT ORDER setting Telephonic Status Conference for May 19, 2011 at 1:30pm. Counsel for Plaintiffs shall initiate the call with all counsel on the line and call Judge Baxter's chambers at 814/464-9630. Local counsel shall participate in person. Signed by Judge Susan Paradise Baxter on 5/17/2011. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (css) (Entered: 05/17/2011) |
| 05/17/2011 | | TEXT ORDER Setting Hearing on Motion 9 MOTION for Preliminary Injunction: Motion Hearing set for 5/26/2011 10:00 AM in Courtroom B - Erie before Susan Paradise Baxter. Signed by Judge Susan Paradise Baxter on 5/17/2011. Text-only entry; no PDF document will issue. This text-only entry |

| | | |
|---|---|---|
| | | constitutes the Order of the Court or Notice on the matter. (css) (Entered: 05/17/2011) |
| 05/17/2011 | | TEXT ORDER RESCHEDULING Hearing on Motion 9 MOTION for Preliminary Injunction: Motion Hearing set for Tuesday, 5/24/2011 10:00 AM in Courtroom B - Erie before Susan Paradise Baxter. Signed by Judge Susan Paradise Baxter on 5/17/2011. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (css) (Entered: 05/17/2011) |
| 05/17/2011 | 29 | RESPONSE *TO PLAINTIFFS' STATUS REPORT AND REQUEST FOR HEARING ON THEIR MOTION FOR A TEMPORARY RESTRAINING ORDER AND FOR A PERMANENT INJUNCTION* filed by DESIGNERWARE, LLC. (White, David) (Entered: 05/17/2011) |
| 05/17/2011 | 30 | MOTION to Continue *Hearing on Plaintiff's Motion for Preliminary Injunction* by DESIGNERWARE, LLC. Motion(s) referred to Susan Paradise Baxter. (Attachments: # 1 Proposed Order) (Mancos, Brian) (Entered: 05/17/2011) |
| 05/17/2011 | 31 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 5/13/2011 before Judge Sean J. McLaughlin. Court Reporter/Transcriber Janis Ferguson, Telephone number 814-452-4556. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely, electronically available to the public without redaction after 90 calendar days. For redaction purposes, or otherwise, during this 90 day period a copy of the transcript may be purchased from the court reporter/transcriber or viewed at the clerk's office public terminal. Notice of Intent for Redaction of Personal Data Identifiers due by 5/24/2011. Redaction Request due 6/7/2011. Redacted Transcript Deadline set for 6/17/2011. Release of Transcript Restriction set for 8/15/2011. (dm) (Entered: 05/18/2011) |
| 05/18/2011 | | TEXT ORDER denying 30 Motion to Continue Hearing on Motion for Preliminary Injunction. Signed by Judge Susan Paradise Baxter on 5/18/2011. Text-only entry; no PDF entry will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (css) (Entered: 05/18/2011) |
| 05/19/2011 | 32 | Minute Entry for proceedings held before Judge Susan Paradise Baxter: Status Conference held on 5/19/2011. (Court Reporter: Sondra Black) (lrw) (Entered: 05/19/2011) |
| 05/20/2011 | 33 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on May 19, 2011 before Judge Susan Paradise Baxter. Court Reporter/Transcriber Sondra A. Black, Telephone number 814-452-4556. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely, electronically available to the public without redaction after 90 calendar days. For redaction purposes, or otherwise, during this 90 day period a copy of the transcript may be purchased from the court reporter/transcriber or viewed at the clerk's office public terminal. Notice of Intent for Redaction of Personal Data Identifiers due by 5/27/2011. Redaction Request due 6/10/2011. Redacted Transcript Deadline set for 6/20/2011. Release of Transcript Restriction set for 8/18/2011. (dm) (Entered: 05/23/2011) |

Exhibit C Page 99

| 05/23/2011 | 34 | BRIEF in Opposition re 9 Motion for TRO, Motion for Permanent Injunction, *to Plaintiffs' Motion for Issuance of an Emergency Temporary Restraining Order and Imposition of Permanent Injunction* filed by DESIGNERWARE, LLC. (Attachments: # 1 Proposed Order) (White, David) (Entered: 05/23/2011) |
| 05/23/2011 | 35 | MOTION for attorney WILLIAM H. JORDAN to Appear Pro Hac Vice, (Filing fee $40, Receipt # 0315-1973844) by AARON'S, INC.. Motion(s) referred to Susan Paradise Baxter. (Attachments: # 1 Affidavit, # 2 Proposed Order) (Lanzillo, Richard) (Entered: 05/23/2011) |
| 05/23/2011 | | TEXT ORDER granting 35 Motion for William H. Jordan to Appear Pro Hac Vice. Signed by Judge Susan Paradise Baxter on 5/23/11. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lrw) (Entered: 05/23/2011) |
| 05/23/2011 | 36 | REPLY BRIEF by CRYSTAL BYRD re 34 Brief in Opposition to Motion, filed by CRYSTAL BYRD. (Attachments: # 1 Exhibit FTC v. CyberSpy) (Hirsch, Andrea) (Entered: 05/23/2011) |
| 05/25/2011 | | Minute Entry for proceedings held before Judge Susan Paradise Baxter: Motion Hearing held on 5/24/2011 re 9 MOTION for Preliminary Injunction filed by BRIAN BYRD, CRYSTAL BYRD. Hearing continued until 5/25/2011 at 9:00 AM. (Court Reporter: Sondra Black) (lrw, ) (Entered: 05/25/2011) |
| 05/25/2011 | 37 | STIPULATION *AND ORDER* by AARON'S, INC., BRIAN BYRD, CRYSTAL BYRD. (Lanzillo, Richard) (Entered: 05/25/2011) |
| 05/25/2011 | 38 | Minute Entry for proceedings held before Judge Susan Paradise Baxter: Motion Hearing held on 5/25/2011 re 9 MOTION for Preliminary Injunction filed by BRIAN BYRD, CRYSTAL BYRD. Hearing concluded this date. Court will issue a written order on the motion. (Court Reporter: Sondra Black) (lrw) (Entered: 05/25/2011) |
| 05/25/2011 | 39 | DESIGNERWARE, LLC. EXHIBITS A-F in Support of 38 Motion Hearing, (Attachments: # 1 Exhibit B, # 2 Exhibit C, # 3 Exhbit D, # 4 Exhibit E, # 5 Exhibit F) (dm) (Entered: 05/26/2011) |
| 05/25/2011 | 40 | PLAINTIFF'S EXHIBITS 1-21 in Support of 38 Motion Hearing (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21) (dm) (Entered: 05/26/2011) |
| 05/26/2011 | 41 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Testimony of Timothy Kelly held on May 24, 2011 before Judge Susan Paradise Baxter. Court Reporter/Transcriber Sondra A. Black, Telephone number 814-452-4556. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely, electronically available to the public without redaction after 90 calendar days. For redaction purposes, or otherwise, during this 90 day period a copy of the transcript may be purchased from the court reporter/transcriber or viewed at the clerk's office public terminal. Notice of Intent for Redaction of Personal Data Identifiers |

| | | |
|---|---|---|
| | | due by 6/2/2011. Redaction Request due 6/16/2011. Redacted Transcript Deadline set for 6/27/2011. Release of Transcript Restriction set for 8/24/2011. (dm) (Entered: 05/31/2011) |
| 05/31/2011 | 42 | STIPULATION AND ORDER. Signed by Judge Susan Paradise Baxter on 5/31/11. (lrw) (Entered: 05/31/2011) |
| 05/31/2011 | 43 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on May 24, 2011 before Judge Susan Paradise Baxter. Court Reporter/Transcriber Sondra A. Black, Telephone number 814-452-4556. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely, electronically available to the public without redaction after 90 calendar days. For redaction purposes, or otherwise, during this 90 day period a copy of the transcript may be purchased from the court reporter/transcriber or viewed at the clerk's office public terminal. Notice of Intent for Redaction of Personal Data Identifiers due by 6/7/2011. Redaction Request due 6/21/2011. Redacted Transcript Deadline set for 7/1/2011. Release of Transcript Restriction set for 8/29/2011. (dm) (Entered: 06/01/2011) |
| 05/31/2011 | 44 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on May 25, 2011 before Judge Susan Paradise Baxter. Court Reporter/Transcriber Sondra Black, Telephone number 814-452-4556. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely, electronically available to the public without redaction after 90 calendar days. For redaction purposes, or otherwise, during this 90 day period a copy of the transcript may be purchased from the court reporter/transcriber or viewed at the clerk's office public terminal. Notice of Intent for Redaction of Personal Data Identifiers due by 6/7/2011. Redaction Request due 6/21/2011. Redacted Transcript Deadline set for 7/1/2011. Release of Transcript Restriction set for 8/29/2011. (dm) (Entered: 06/01/2011) |
| 06/01/2011 | 45 | STIPULATION and Order by BRIAN BYRD, CRYSTAL BYRD. (Robinson, John) (Entered: 06/01/2011) |
| 06/02/2011 | 46 | STIPULATION AND ORDER. Signed by Judge Susan Paradise Baxter on 6/2/11. (lrw) (Entered: 06/02/2011) |
| 06/03/2011 | 47 | Stipulation for Extension of Time to Answer by CRYSTAL BYRD, BRIAN BYRD, AARON'S, INC. Answer due from AARON'S, INC. on 7/18/2011. (Lanzillo, Richard) (Entered: 06/03/2011) |
| 06/06/2011 | 48 | ORDER, that Defendant Aaron's Answer to 1 Complaint, filed by BRIAN BYRD, CRYSTAL BYRD, is due on or before July 18, 2011. Signed by Judge Susan Paradise Baxter on 6/6/11. (lrw) (Entered: 06/06/2011) |
| 06/06/2011 | | Update Answer Deadline: Answer due from AARON'S, INC. on 7/18/2011. (lrw) (Entered: 06/06/2011) |
| 06/06/2011 | 49 | MOTION to Dismiss re 1 Complaint, by ASPEN WAY ENTERPRISES, INC.. Motion(s) referred to Susan Paradise Baxter. (Attachments: # 1 Proposed Order) (Hardy, W.) (Entered: 06/06/2011) |

Exhibit C Page 101

| 06/06/2011 | 50 | BRIEF in Support re 49 Motion to Dismiss filed by ASPEN WAY ENTERPRISES, INC.. (Attachments: # 1 Affidavit, # 2 Affidavit, # 3 Affidavit) (Hardy, W.) (Entered: 06/06/2011) |
|---|---|---|
| 06/06/2011 | 51 | MOTION for attorney Ross W. McLinden to Appear Pro Hac Vice, (Filing fee $40, Receipt # 0315-1987926) by ASPEN WAY ENTERPRISES, INC.. Motion(s) referred to Susan Paradise Baxter. (Attachments: # 1 Affidavit) (Hardy, W.) (Entered: 06/06/2011) |
| 06/06/2011 | 52 | MOTION for attorney Michael E. Begley to Appear Pro Hac Vice, (Filing fee $40, Receipt # 0315-1987933) by ASPEN WAY ENTERPRISES, INC.. Motion(s) referred to Susan Paradise Baxter. (Attachments: # 1 Affidavit) (Hardy, W.) (Entered: 06/06/2011) |
| 06/06/2011 | 53 | MOTION for attorney Michele L. Braukmann to Appear Pro Hac Vice, (Filing fee $40, Receipt # 0315-1987937) by ASPEN WAY ENTERPRISES, INC.. Motion(s) referred to Susan Paradise Baxter. (Attachments: # 1 Affidavit) (Hardy, W.) (Entered: 06/06/2011) |
| 06/07/2011 | | TEXT ORDER granting 51 Motion for Ross W. McLinden to Appear Pro Hac Vice. Signed by Judge Susan Paradise Baxter on 6/7/11. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lrw) (Entered: 06/07/2011) |
| 06/07/2011 | | TEXT ORDER granting 52 Motion for Michael E. Begley to Appear Pro Hac Vice. Signed by Judge Susan Paradise Baxter on 6/7/11. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lrw) (Entered: 06/07/2011) |
| 06/07/2011 | | TEXT ORDER granting 53 Motion for Michele L. Braukmann to Appear Pro Hac Vice. Signed by Judge Susan Paradise Baxter on 6/7/11. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lrw) (Entered: 06/07/2011) |
| 06/07/2011 | | TEXT ORDER Response/Briefing Schedule re 49 Motion to Dismiss. Plaintiff's Response to Motion due by 7/1/2011. Signed by Judge Susan Paradise Baxter on 6/7/11. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lrw) (Entered: 06/07/2011) |
| 06/16/2011 | 54 | REPORT AND RECOMMENDATION that 9 MOTION for Temporary Restraining Order, Motion for Issuance of an Emergency Temporary Restraining Order and Imposition of Permanent Injunction Pursuant to Federal Rule of Civil Procedure 65, MOTION for Permanent Injunction filed by BRIAN BYRD, CRYSTAL BYRD, be denied. Objections to R&R due by 7/5/2011. Signed by Judge Susan Paradise Baxter on 6/16/11. (lrw) (Entered: 06/16/2011) |
| 06/28/2011 | 55 | RESPONSE IN OPPOSITION to 49 Motion to Dismiss, filed by BRIAN BYRD, CRYSTAL BYRD. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6) (Hirsch, Andrea) (Entered: 06/28/2011) |
| 06/29/2011 | | CLERK'S OFFICE QUALITY CONTROL MESSAGE re 55 Response in Opposition. ERROR: Signature on document and filer do not match. CORRECTION: Attorney advised of signature requirements. Attorney to |

Exhibit C Page 102

| | | |
|---|---|---|
| | | resubmit the document using the Errata event. This message is for informational purposes only. (dm) (Entered: 06/29/2011) |
| 06/29/2011 | 56 | Errata re 55 Response in Opposition *to Defendant Aspen Way's Motion to Dismiss* by BRIAN BYRD, CRYSTAL BYRD. Reason for Correction: signature verification. (Longer, Frederick) (Entered: 06/29/2011) |
| 07/08/2011 | 57 | MEMORANDUM ORDER: IT IS HEREBY ORDERED that the 9 Plaintiff's motion for preliminary injunction is DENIED; adopting 54 Report and Recommendations. Signed by Judge Sean J. McLaughlin on 7/8/2011. (rlh) (Entered: 07/08/2011) |
| 07/11/2011 | 58 | NOTICE of Appearance by Anthony J. Williott on behalf of AARON'S, INC., ASPEN WAY ENTERPRISES, INC.. (Williott, Anthony) (Entered: 07/11/2011) |
| 07/11/2011 | 59 | BRIEF in Support re 49 Motion to Dismiss *Defendant Aspen Way Enterprises, Inc.'s Reply in Support of Its Motion to Dismiss* filed by AARON'S, INC., ASPEN WAY ENTERPRISES, INC.. (Williott, Anthony) (Entered: 07/11/2011) |
| 07/12/2011 | 60 | Errata re 58 Notice of Appearance by ASPEN WAY ENTERPRISES, INC. Reason for Correction: Filed on behalf of wrong defendant. (Williott, Anthony) (Entered: 07/12/2011) |
| 07/12/2011 | 61 | Errata re 59 Brief in Support of Motion *Defendant's Reply in Support of its Motion to Dismiss* by ASPEN WAY ENTERPRISES, INC. Reason for Correction: Filed on behalf of wrong defendant. (Williott, Anthony) (Entered: 07/12/2011) |
| 07/13/2011 | 62 | MOTION to Dismiss *Pursuant to F.R.C.P. 12(b)(1) and F.R.C.P. 12(b)(6) or, in the alternative, Motion for Summary Judgment Pursuant to F.R.C.P. 56* by DESIGNERWARE, LLC. Motion(s) referred to Susan Paradise Baxter. (Attachments: # 1 Exhibit, # 2 Proposed Order) (White, David) Added MOTION for Summary Judgment on 7/14/2011 (dm). (Entered: 07/13/2011) |
| 07/13/2011 | 63 | BRIEF in Support re 62 Motion to Dismiss, *Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) or, in the alternative, Motion for Summary Judgment Pursuant to F.R.C.P. 56* filed by DESIGNERWARE, LLC. (White, David) (Entered: 07/13/2011) |
| 07/13/2011 | | TEXT ORDER Response/Briefing Schedule re 62 Motion to Dismiss: Plaintiff's Response to Motion due by 7/27/2011. Signed by Judge Susan Paradise Baxter on 7/13/11. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lrw) (Entered: 07/13/2011) |
| 07/14/2011 | | CLERK'S OFFICE QUALITY CONTROL MESSAGE re 62 Motion to Dismiss. ERROR: MULTIPLE Relief Motion Filed as One Relief. CORRECTION: Attorney advised in future that Motions of this nature are to be filed using the Motion Event and clicking on all the reliefs sought in said motion. Clerk of Court added Motiom for Summary Judgment. This message is for informational purposes only. (dm) (Entered: 07/14/2011) |
| 07/18/2011 | 64 | MOTION to Dismiss re 1 Complaint, by AARON'S, INC.. Motion(s) referred to Susan Paradise Baxter. (Attachments: # 1 Proposed Order) (Lanzillo, |

Exhibit C Page 103

| | | |
|---|---|---|
| | | Richard) (Entered: 07/18/2011) |
| 07/18/2011 | 65 | BRIEF in Support re 64 Motion to Dismiss *PLAINTIFFS' COMPLAINT* filed by AARON'S, INC.. (Lanzillo, Richard) (Entered: 07/18/2011) |
| 07/19/2011 | | TEXT ORDER Response/Briefing Schedule re 64 Motion to Dismiss. Plaintiff's Response to Motion due by 8/2/2011. Signed by Judge Susan Paradise Baxter on 7/19/11. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lrw) (Entered: 07/19/2011) |
| 07/27/2011 | 66 | First AMENDED COMPLAINT against All Defendants, filed by CRYSTAL BYRD, BRIAN BYRD. (Levin, Daniel) (Entered: 07/27/2011) |
| 07/27/2011 | 67 | RESPONSE to Motion re 62 MOTION to Dismiss *Pursuant to F.R.C.P. 12 (b)(1) and F.R.C.P. 12(b)(6) or, in the alternative, Motion for Summary Judgment Pursuant to F.R.C.P. 56* MOTION to Dismiss *Pursuant to F.R.C.P. 12(b)(1) and F.R.C.P. 12(b)(6) or, in the alternative, Motion for Summary Judgment Pursuant to F.R.C.P. 56* MOTION for Summary Judgment filed by BRIAN BYRD, CRYSTAL BYRD. (Attachments: # 1 Proposed Order, # 2 Exhibit A, # 3 Exhibit B) (Levin, Daniel) (Entered: 07/27/2011) |
| 07/27/2011 | | TEXT ORDER denying as moot 49 Motion to Dismiss; denying as moot 62 Motion to Dismiss; denying as moot 62 Motion for Summary Judgment; denying as moot 64 Motion to Dismiss. These pending dispositive motions are dismissed as moot in light of the filing of the First Amended Complaint. In response to the First Amended Complaint, Defendants are directed to file an Answer or dispositive motion before August 18, 2011.Signed by Judge Susan Paradise Baxter on 7/27/2011. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (css) (Entered: 07/27/2011) |
| 07/27/2011 | 68 | REPLY BRIEF by BRIAN BYRD, CRYSTAL BYRD re 62 Motion to Dismiss, Motion for Summary Judgment, filed by BRIAN BYRD, CRYSTAL BYRD. (sdp) (Entered: 07/28/2011) |
| 07/28/2011 | | CLERK'S OFFICE QUALITY CONTROL MESSAGE re 67 Response to Motion. ERROR: Document should have been filed as two separate documents. CORRECTION: Attorney advised in future that documents of that nature are to be filed as separate documents. Clerk of Court docketed REPLY BRIEF. This message is for informational purposes only. (sdp) Modified on 7/28/2011. (sdp) (Entered: 07/28/2011) |
| 08/09/2011 | 69 | MOTION to Dismiss *Plaintiffs' First Amended Complaint Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6)* by DESIGNERWARE, LLC. Motion(s) referred to Susan Paradise Baxter. (Attachments: # 1 Proposed Order) (White, David) (Entered: 08/09/2011) |
| 08/09/2011 | 70 | BRIEF in Support of 69 MOTION to Dismiss *Plaintiffs' First Amended Complaint Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6)* filed by DESIGNERWARE, LLC. (White, David) (Entered: 08/09/2011) |
| 08/09/2011 | | TEXT ORDER Response/Briefing Schedule re 69 Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to F.R.C.P. 12(b)(1) and 12(b) (6). Plaintiff's Response to Motion due by 9/6/2011. Signed by Judge Susan Paradise Baxter on 8/9/11. Text-only entry; no PDF document will issue. This |

Exhibit C Page 104

| | | text-only entry constitutes the Order of the Court or Notice on the matter. (lrw) (Entered: 08/09/2011) |
|---|---|---|
| 08/09/2011 | 71 | MOTION for Reconsideration re Order on Motion to Dismiss, Order on Motion for Summary Judgment, by ASPEN WAY ENTERPRISES, INC. Motion(s) referred to Susan Paradise Baxter. (Attachments: # 1 Proposed Order) (Williott, Anthony) (Entered: 08/09/2011) |
| 08/09/2011 | 72 | BRIEF in Support re 71 Motion for Reconsideration filed by ASPEN WAY ENTERPRISES, INC.. (Williott, Anthony) (Entered: 08/09/2011) |
| 08/15/2011 | 73 | ORDER denying 71 Motion for Reconsideration. Signed by Judge Susan Paradise Baxter on 8/15/11. (lrw) (Entered: 08/15/2011) |
| 08/17/2011 | 74 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by AARON'S, INC.. Motion(s) referred to Susan Paradise Baxter. (Attachments: # 1 Proposed Order) (Lanzillo, Richard) (Entered: 08/17/2011) |
| 08/17/2011 | 75 | BRIEF in Support re 74 Motion to Dismiss for Failure to State a Claim filed by AARON'S, INC.. (Lanzillo, Richard) (Entered: 08/17/2011) |
| 08/18/2011 | | TEXT ORDER Response/Briefing Schedule re 74 Motion to Dismiss for Failure to State a Claim. Plaintiff's Response to Motion due by 9/15/2011. Signed by Judge Susan Paradise Baxter on 8/18/11. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lrw) (Entered: 08/18/2011) |
| 08/18/2011 | 76 | MOTION to Dismiss *Amended Complaint* by ASPEN WAY ENTERPRISES, INC.. Motion(s) referred to Susan Paradise Baxter. (Attachments: # 1 Proposed Order) (Williott, Anthony) (Entered: 08/18/2011) |
| 08/18/2011 | 77 | BRIEF in Support re 76 Motion to Dismiss *Amended Complaint* filed by ASPEN WAY ENTERPRISES, INC.. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit) (Williott, Anthony) (Entered: 08/18/2011) |
| 08/18/2011 | | TEXT ORDER Response/Briefing Schedule re 76 Motion to Dismiss Amended Complaint. Plaintiff's Response to Motion due by 9/15/2011. Signed by Judge Susan Paradise Baxter on 8/18/11. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lrw) (Entered: 08/18/2011) |
| 09/06/2011 | 78 | BRIEF in Opposition re 69 Motion to Dismiss *by defendant Designerware's* filed by BRIAN BYRD, CRYSTAL BYRD. (Longer, Frederick) (Entered: 09/06/2011) |
| 09/15/2011 | 79 | RESPONSE IN OPPOSITION to 76 Motion to Dismiss, filed by BRIAN BYRD. (Longer, Frederick) (Entered: 09/15/2011) |
| 09/15/2011 | 80 | RESPONSE IN OPPOSITION to 74 Motion to Dismiss for Failure to State a Claim, filed by CRYSTAL BYRD. (Longer, Frederick) (Entered: 09/15/2011) |
| 09/22/2011 | 81 | REPLY BRIEF by DESIGNERWARE, LLC re 69 Motion to Dismiss *Plaintiffs' First Amended Complaint* filed by DESIGNERWARE, LLC. (Attachments: # 1 Proposed Order) (White, David) (Entered: 09/22/2011) |
| 09/27/2011 | 82 | REPLY BRIEF by ASPEN WAY ENTERPRISES, INC. *Reply Brief in* |

Exhibit C Page 105

| | | |
|---|---|---|
| | | *Support of Its Motion to Dismiss* filed by ASPEN WAY ENTERPRISES, INC.. (Williott, Anthony) (Entered: 09/27/2011) |
| 09/27/2011 | 83 | REPLY BRIEF by AARON'S, INC. re 64 Motion to Dismiss filed by AARON'S, INC.. (Lanzillo, Richard) (Entered: 09/27/2011) |
| 02/17/2012 | 84 | REPORT AND RECOMMENDATION that 76 MOTION to Dismiss Amended Complaint filed by ASPEN WAY ENTERPRISES, INC., be denied. Objections to R&R due by 3/2/2012. Signed by Magistrate Judge Susan Paradise Baxter on 2/17/12. (lrw) (Entered: 02/17/2012) |
| 02/17/2012 | 85 | REPORT AND RECOMMENDATION that the motion to dismiss filed by Defendant DesignerWare, LLC 69 be granted in part and denied in part. More specifically, the motion to dismiss should be: 1) denied as to Count I; 2) granted as to Count II; and 3) granted as to Count III. It is further recommended that the motion to dismiss filed by Defendant Aarons, Inc. 74 be granted. Defendant Aarons, Inc. should be dismissed as a party to this action. Objections to R&R due by 3/2/2012. Signed by Magistrate Judge Susan Paradise Baxter on 2/17/12. (lrw) (Entered: 02/17/2012) |
| 03/02/2012 | 86 | OBJECTIONS to *Report and Recommendatin of US Magistrate Judge* by ASPEN WAY ENTERPRISES, INC.. (Williott, Anthony) (Entered: 03/02/2012) |
| 03/02/2012 | 87 | OBJECTIONS to 85 Report and Recommendation *by Plaintiffs* filed by BRIAN BYRD, CRYSTAL BYRD. (Attachments: # 1 Exhibit A) (Longer, Frederick) (Entered: 03/02/2012) |
| 03/02/2012 | 88 | OBJECTIONS to 85 Report and Recommendation filed by DESIGNERWARE, LLC. (Attachments: # 1 Proposed Order) (White, David) (Entered: 03/02/2012) |
| 03/02/2012 | 89 | BRIEF in Support of 88 Objections to Report and Recommendation filed by DESIGNERWARE, LLC. (White, David) (Entered: 03/02/2012) |
| 03/05/2012 | | NOTICE of Oral Argument on Objections re 84 REPORT AND RECOMMENDATION re 76 MOTION to Dismiss Amended Complaint filed by ASPEN WAY ENTERPRISES, INC., Objections re 85 REPORT AND RECOMMENDATION re 69 MOTION to Dismiss Plaintiffs' First Amended Complaint Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) filed by DESIGNERWARE, LLC, 74 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by AARON: Oral Argument set for 3/20/2012 at 10:00 AM in Courtroom C before Judge Sean J. McLaughlin. Text-only entry. No PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (nk ) (Entered: 03/05/2012) |
| 03/15/2012 | 90 | RESPONSE IN OPPOSITION *Designeware's* to 88 Objections to Report and Recommendation, filed by BRIAN BYRD, CRYSTAL BYRD. (Longer, Frederick) (Entered: 03/15/2012) |
| 03/15/2012 | 91 | RESPONSE IN OPPOSITION *to Defendant Aspen Way's Objections to Magistrate Judge's Report and Recommendation (Doc. 84 )* to 86 Objections, filed by BRIAN BYRD, CRYSTAL BYRD. (Longer, Frederick) (Entered: 03/15/2012) |
| 03/16/2012 | 92 | RESPONSE to 87 Objections to Report and Recommendation, filed by |

Exhibit C Page 106

| | | |
|---|---|---|
| | | AARON'S, INC.. (Lanzillo, Richard) (Entered: 03/16/2012) |
| 03/19/2012 | 93 | SUGGESTION OF BANKRUPTCY as to DesignerWare, LLC by DESIGNERWARE, LLC. (Attachments: # 1 Exhibit A, # 2 Certificate of Service) (Mancos, Brian) (Entered: 03/19/2012) |
| 03/20/2012 | 94 | ORDER the Court having been advised that the defendant, DesignerWare, LLC. has filed for bankruptcy in the United States Bankruptcy Court for the Western District of Pennsylvania, (Case No. 12-10397), and that no further action can be taken against him at this time. IT IS HEREBY ORDERED that no action will be taken against defendant, DesignerWare, LLC., and that this case be administratively closed as to this defendant. Nothing contained in this order shall be considered a dismissal or disposition of this matter. Should further proceedings against defendant DesignerWare, LLC., become necessary or desirable, any party may initiate it in the same manner as if this order had not been entered. Signed by Judge Sean J. McLaughlin on 3/20/12. (nk) (Entered: 03/20/2012) |
| 03/20/2012 | | Minute Entry for proceedings held before Judge Sean J. McLaughlin: Oral Argument held on 3/20/2012. The Report and Recommendation of the Magistrate Judge 84 is rejected for the reasons set forth on the record. IT IS FURTHER ORDERED that Defendant Aspen Way is dismissed without prejudice. The Report and Recommendation of the Magistrate Judge 85 is adopted in part and rejected in part for the reasons set forth on the record. IT IS FURTHER ORDERED that the Plaintiff has sixty (60) days to Amend their complaint as to defendant's Aspen Way and Aaron's Inc., relative to count I only. Text-only entry; no PDF document will issue. This text-only entry constitutes the Courts order or notice on the matter. (Court Reporter: Ron Bench) (nk) (Entered: 03/20/2012) |
| 03/21/2012 | 95 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on March 20, 2012 before Judge Sean J. McLaughlin. Court Reporter/Transcriber Ronald J. Bench, Telephone number 814-464-9613. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely, electronically available to the public without redaction after 90 calendar days. For redaction purposes, or otherwise, during this 90 day period a copy of the transcript may be purchased from the court reporter/transcriber or viewed at the clerk's office public terminal. Notice of Intent for Redaction of Personal Data Identifiers due by 3/28/2012. Redaction Request due 4/11/2012. Redacted Transcript Deadline set for 4/23/2012. Release of Transcript Restriction set for 6/19/2012. (dm) (Entered: 03/21/2012) |
| 04/24/2012 | 96 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 3/20/2012 before Judge Sean J. McLaughlin. Court Reporter/Transcriber Ronald Bench, Telephone number 814-464-9613. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely, electronically available to the public without redaction after 90 calendar days. For redaction purposes, or otherwise, during this 90 day period a copy of the transcript may be purchased from the court reporter/transcriber or viewed at the clerk's office public terminal. Notice of Intent for Redaction of Personal Data Identifiers due by 5/1/2012. Redaction Request due 5/15/2012. Redacted Transcript Deadline set for 5/25/2012. Release of Transcript Restriction set |

Exhibit C Page 107

| | | for 7/23/2012. (dm) (Entered: 04/24/2012) |
|---|---|---|
| 05/01/2012 | 97 | MOTION for Extension of Time to Amend 66 Amended Complaint by BRIAN BYRD, CRYSTAL BYRD. Motion(s) referred to Susan Paradise Baxter. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Longer, Frederick) (Entered: 05/01/2012) |
| 05/02/2012 | | ORDER granting 97 Motion for Extension of Time to conduct discovery and for the filing of the amended complaint by 7/16/12. Signed by Judge Sean J. McLaughlin on 5/2/13. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (nk) (Entered: 05/02/2012) |
| 07/11/2012 | 98 | Joint MOTION for Extension of Time to Amend *Complaint* by AARON'S, INC.. Motion(s) referred to Susan Paradise Baxter. (Devlin, Neal) (Entered: 07/11/2012) |
| 07/12/2012 | | ORDER granting 98 Motion for Extension of Time to Amend Complaint. Signed by Judge Sean J. McLaughlin on 7/12/12. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (nk) (Entered: 07/12/2012) |
| 08/03/2012 | 99 | MOTION to Join Suit by GLEN A. WITHAM. Motion(s) referred to Susan Paradise Baxter. (dm) (Entered: 08/03/2012) |
| 08/06/2012 | | TEXT ORDER denying 99 Motion to Join Suit. Signed by Magistrate Judge Susan Paradise Baxter on 8/6/12. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lrw) (Entered: 08/06/2012) |
| 09/12/2012 | 100 | Joint MOTION for Extension of Time to File *SECOND AMENDED COMPLAINT* by AARON'S, INC., BRIAN BYRD, CRYSTAL BYRD. Motion(s) referred to Susan Paradise Baxter. (Devlin, Neal) (Entered: 09/12/2012) |
| 09/12/2012 | 101 | OBJECTIONS to *Plaintiffs' Second Amended Complaint* 100 Motion for Extension of Time to File by ASPEN WAY ENTERPRISES, INC.. (Williott, Anthony) (Entered: 09/12/2012) |
| 09/12/2012 | 102 | ORDER that the joint motion for extension of time filed by Plaintiffs and Aarons Inc. 100 is DENIED. The Second Amended Complaint against Aarons, Inc. and Aspen Way remains due on September 14, 2012, as directed by Judge McLaughlins order of July 12, 2012. Signed by Magistrate Judge Susan Paradise Baxter on 9/12/12. (lrw) (Entered: 09/12/2012) |
| 09/14/2012 | 103 | Second AMENDED COMPLAINT *Class Action* against All Defendants, filed by CRYSTAL BYRD, BRIAN BYRD. (Longer, Frederick) (Entered: 09/14/2012) |
| 09/19/2012 | 104 | NOTICE of Appearance by Robert S. Bernstein on behalf of DESIGNERWARE, LLC. (Bernstein, Robert) (Entered: 09/19/2012) |
| 09/24/2012 | 105 | Consent MOTION for Extension of Time to File Answer re 103 Amended Complaint filed by BRIAN BYRD, CRYSTAL BYRD by AARON'S, INC.. Motion(s) referred to Susan Paradise Baxter. (Lanzillo, Richard) (Entered: 09/24/2012) |

Exhibit C Page 108

| | | |
|---|---|---|
| 09/25/2012 | | CLERK'S OFFICE QUALITY CONTROL MESSAGE re 105 Motion for Extension of Time to File Answer. ERROR: Proposed Order was not attached. CORRECTION: Attorney is advised to file a proposed order by using the Proposed Order event and linking it to the document in question. This message is for informational purposes only. (dm) (Entered: 09/25/2012) |
| 09/25/2012 | 106 | Proposed Order re 105 Motion for Extension of Time to File Answer by AARON'S, INC.. (Lanzillo, Richard) (Entered: 09/25/2012) |
| 09/26/2012 | | TEXT ORDER granting 105 Motion for Extension of Time to Answer re 103 Amended Complaint AARON'S, INC. answer due 10/15/2012. Signed by Magistrate Judge Susan Paradise Baxter on 9/26/12. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lrw) (Entered: 09/26/2012) |
| 10/01/2012 | 107 | Consent MOTION for Extension of Time to File Answer *to Second Amended Complaint* by ASPEN WAY ENTERPRISES, INC.. Motion(s) referred to Susan Paradise Baxter. (Williott, Anthony) (Entered: 10/01/2012) |
| 10/01/2012 | 108 | Proposed Order re 107 Motion for Extension of Time to File Answer *to Second Amended Complaint* by ASPEN WAY ENTERPRISES, INC.. (Williott, Anthony) (Entered: 10/01/2012) |
| 10/01/2012 | | TEXT ORDER granting 107 Motion for Extension of Time to Answer re 103 Amended Complaint. ASPEN WAY ENTERPRISES, INC. answer due 10/5/2012. Signed by Magistrate Judge Susan Paradise Baxter on 10/1/12. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lrw) (Entered: 10/01/2012) |
| 10/05/2012 | 109 | MOTION to Dismiss *Second Amended Complaint* re 103 Amended Complaint by ASPEN WAY ENTERPRISES, INC.. Motion(s) referred to Susan Paradise Baxter. (Attachments: # 1 Proposed Order) (Williott, Anthony) (Entered: 10/05/2012) |
| 10/05/2012 | 110 | BRIEF in Support re 109 Motion to Dismiss *Second Amended Complaint* filed by ASPEN WAY ENTERPRISES, INC.. (Attachments: # 1 Exhibit Affidavit of Rohnn Lampi, # 2 Exhibit Affidavit of John Pollock, # 3 Exhibit Affidavit of Chrstin Pfau) (Williott, Anthony) (Entered: 10/05/2012) |
| 10/10/2012 | | TEXT ORDER Response/Briefing Schedule re 109 Motion to Dismiss. Response to Motion due by 10/31/2012. Signed by Magistrate Judge Susan Paradise Baxter on 10/10/12. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lrw) (Entered: 10/10/2012) |
| 10/15/2012 | 111 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *PLAINTIFFS' SECOND AMENDED COMPLAINT* by AARON'S, INC.. Motion(s) referred to Susan Paradise Baxter. (Attachments: # 1 Proposed Order) (Lanzillo, Richard) (Entered: 10/15/2012) |
| 10/15/2012 | 112 | BRIEF in Support re 111 Motion to Dismiss for Failure to State a Claim *PLAINTIFFS' SECOND AMENDED COMPLAINT* filed by AARON'S, INC.. (Lanzillo, Richard) (Entered: 10/15/2012) |
| 10/16/2012 | | TEXT ORDER Response/Briefing Schedule re 111 Motion to Dismiss for Failure to State a Claim. Response to Motion due by 11/7/2012. Signed by |

Exhibit C Page 109

| | | |
|---|---|---|
| | | Magistrate Judge Susan Paradise Baxter on 10/16/12. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lrw) (Entered: 10/16/2012) |
| 10/31/2012 | 113 | RESPONSE IN OPPOSITION *to Defendant Aspen Way's* to 109 Motion to Dismiss, filed by BRIAN BYRD, CRYSTAL BYRD. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (Longer, Frederick) (Entered: 10/31/2012) |
| 11/07/2012 | 114 | BRIEF IN OPPOSITION to 111 Motion to Dismiss for Failure to State a Claim, filed by BRIAN BYRD, CRYSTAL BYRD. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Longer, Frederick) Modified on 11/8/2012. (dm) (Entered: 11/07/2012) |
| 11/09/2012 | 115 | REPLY BRIEF re 113 Response in Opposition *to Defendant Aspen Way's Motion to Dismiss* filed by ASPEN WAY ENTERPRISES, INC.. (Williott, Anthony) (Entered: 11/09/2012) |
| 11/23/2012 | 116 | REPLY BRIEF re 114 Response in Opposition *to Motion to Dismiss* filed by AARON'S, INC.. (Lanzillo, Richard) (Entered: 11/23/2012) |
| 02/27/2013 | 117 | MOTION for Leave to File Third Amended Complaint by BRIAN BYRD, CRYSTAL BYRD. Motion(s) referred to Susan Paradise Baxter. (Attachments: # 1 Exhibit Third Amended Complaint, # 2 Proposed Order) (Longer, Frederick) (Entered: 02/27/2013) |
| 02/27/2013 | 118 | BRIEF in Support re 117 Motion for Leave to File *Third Amended Complaint* filed by BRIAN BYRD, CRYSTAL BYRD. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Longer, Frederick) (Entered: 02/27/2013) |
| 02/28/2013 | | TEXT ORDER Response/Briefing Schedule re 117 Motion for Leave to File Third Amended Complaint: Defendants' Response to Motion due by 3/14/2013. Signed by Magistrate Judge Susan Paradise Baxter on 2/28/13. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (lrw) (Entered: 02/28/2013) |
| 03/07/2013 | 119 | MOTION for Relief from Confidentiality Agreement by BRIAN BYRD, CRYSTAL BYRD. Motion(s) referred to Susan Paradise Baxter. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E) (Longer, Frederick) (Entered: 03/07/2013) |
| 03/07/2013 | 120 | MOTION for Leave to File Documents Under Seal by BRIAN BYRD, CRYSTAL BYRD. Motion(s) referred to Susan Paradise Baxter. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit) (Longer, Frederick) (Entered: 03/07/2013) |
| 03/14/2013 | 121 | BRIEF in Opposition to 118 Brief in Support of Motion, 117 MOTION for Leave to File Third Amended Complaint, *Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to File Third Amended Complaint* filed by ASPEN WAY ENTERPRISES, INC.. (Williott, Anthony) Modified on 3/18/2013. (tt, ) (Entered: 03/14/2013) |
| 03/14/2013 | 122 | BRIEF in Opposition re 117 Motion for Leave to File *THIRD AMENDED COMPLAINT* filed by AARON'S, INC.. (Attachments: # 1 Exhibit A) (Lanzillo, Richard) (Entered: 03/14/2013) |
| 03/20/2013 | 123 | REPLY to Response to Motion re 122 Brief in Opposition to Motion *for leave* |

Exhibit C Page 110

| | | |
|---|---|---|
| | | *to file third amended complaint* filed by BRIAN BYRD, CRYSTAL BYRD. (Longer, Frederick) (Entered: 03/20/2013) |
| 03/22/2013 | 124 | REPLY to Response to Motion re 121 Brief in Opposition - Other, *to Plaintiffs' Motion for Leave to File Third Amended Complaint* filed by BRIAN BYRD, CRYSTAL BYRD. (Longer, Frederick) (Entered: 03/22/2013) |
| 03/22/2013 | 125 | RESPONSE to Motion re 119 MOTION for Relief from Confidentiality Agreement filed by AARON'S, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Affidavit of Attorney Kristine McAlister Brown) (Lanzillo, Richard) (Entered: 03/22/2013) |
| 03/22/2013 | 126 | RESPONSE to Motion re 120 MOTION for Leave to File Documents Under Seal *consenting to relief requested therein* filed by AARON'S, INC.. (Lanzillo, Richard) (Entered: 03/22/2013) |
| 04/11/2013 | 127 | MOTION for attorney JASON D. ROSENBERG to Appear Pro Hac Vice, (Filing fee $40, Receipt # 0315-2746707) by AARON'S, INC.. Motion(s) referred to Susan Paradise Baxter. (Attachments: # 1 Affidavit, # 2 Proposed Order) (Lanzillo, Richard) (Entered: 04/11/2013) |
| 04/15/2013 | 128 | NOTICE *OF SUPPLEMENTAL AUTHORITY* by AARON'S, INC. re 122 Brief in Opposition to Motion (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Lanzillo, Richard) (Entered: 04/15/2013) |

## PROOF OF SERVICE

I, Cynthia F. Ambriz, declare:

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, CA 90071.  I am over the age of eighteen years and not a party to the action in which this service is made.

On April 17, 2013, I served the document(s) described as **AARON'S NOTICE OF REMOVAL** on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows: SEE ATTACHED SERVICE LIST.

☒  BY MAIL:  I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service.  In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm.  Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071.

☐  BY FEDERAL EXPRESS    ☐ UPS NEXT DAY AIR    ☐ OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by ☐ FEDERAL EXPRESS    ☐ UPS    ☐ Overnight Delivery [specify name of service: ] with delivery fees fully provided for or delivered the envelope to a courier or driver of   ☐ FEDERAL EXPRESS    ☐ UPS    ☐ OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

☐  BY FACSIMILE:  I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☐  BY ELECTRONIC MAIL TRANSMISSION WITH ATTACHMENT:  On this date, I transmitted the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list.

☐  [State]     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒  [Federal]    I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 17, 2013, at Los Angeles, California.

Cynthia F. Ambriz

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WINSLOW v. SULTAN FINANCIAL CORP.**
**U.S. District Court, Central District of California**
**Western Division**


**SERVICE LIST**

Andrea S. Hirsch
Herman Gerel
230 Peachtree Street, NW – Suite 2260
Atlanta, GA 30303
Email: ahirsch@hermangerel.com

Christopher V. Tisi
Herman Gerel, LLP
2000 L Street, NW – Suite 400
Washington, DC 20036
Email:      cvtisi@aol.com

Frederick S. Longer
Arnold Levin
Daniel L. Levin
Levin, Fishbein, Sedran & Berman
510 Walnut Street – Suite 500
Philadelphia, PA 19106
Email:      flonger@lfsblaw.com
            alevin@lfsblaw.com
            dlevin@lfsblaw.com

Michelle Parfitt
James F. Green
Michael W. Heaviside
Herman Gerel LLP
4900 Seminary Road – Suite 650
Alexandria, VA 22311
Email:      mparf@aol.com
            jgreen@ashcraftlaw.com
mheaviside@ashcraftlaw.com

Christopher P. Ridout
Devon M. Lyon
Caleb LH Marker
Ridout Lyons + Ottoson, LLP
555 E. Ocean Blvd., Suite 500
Long Beach, California 90802
Email: c.ridout@rlollp.com
d.lyon@rlollp.com
c.marker@rlollp.com

Maury A. Herman
Leonard A. Davis
Herman Gerel LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Email:mherman@hhkc.com
      ldavis@hhkc.com

1  John H. Robinson
   Jamieson & Robinson LLC
2  214 S. Grant Street
   Casper, WY  82601
3  Email: robinsn@vcn.com
4

5

6

7

8  DesignerWare, LLC
   Registered Agent The Corporate Place,
9  Inc.
   601 E. Charleston Blvd. Suite 100
10 Las Vegas, NV 89104
11

G. Bryan Ulmer, III
Mel C. Orchard, III
R. Daniel Fleck
The Spence Law Firm
PO Box 548
15 South Jackson Street
Jackson, WY  83001
Email:    ulmer@spencelawyers.com
          orchard@spencelawyers.com
          fleck@spencelawyers.com

Sultan Financial Corporation
Registered Agent Randall Sultan
2211 Corinth Avenue, Suite 300
Los Angeles, CA 90064

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Michael Fitzgerald and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV13- 2684 MWF (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Michael Winslow and Fonda Winslow, Individually, and on Behalf of all Similarly Situated Persons

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Sultan Financial Corporation d/b/a "Aaron's Sales and Leasing", a franchisee of Aaron's, Inc.; Aaron's, Inc. d/b/a "Aaron's Sales and Leasing Ownership", JOHN DOES (1-10) Aaron's Franchisees; and DesignerWare, LLC

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Christopher P. Ridout, Esq.
RIDOUT LYON + OTTOSON, LLP
555 E. Ocean Blvd., Suite 500
Long Beach, CA 90802    Phone (562) 216-7380

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Lisa Gilford, Esq. and Christine Roberts, Esq. on behalf of Aaron's, Inc.
ALSTON & BIRD LLP
333 South Hope Street, 16th Floor
Los Angeles, CA 90071    Phone (213) 576-1000

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☐ 3. Federal Question (U.S. Government Not a Party)
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ In excess of $5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC §§1332, 1367, 1441, 1446; Complaint for Unauthorized Wiretaps, Eavesdropping on Confidential Communications, Electronic Stalking, Sale of Eavesdropping Devices, Unauthorized Computer Access, and Violation of Unfair Competition Act.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number:  CV13-02684

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)　　　　　　　　　CIVIL COVER SHEET　　　　　　　　　Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Kern County as alleged. |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Sultan Financial Corp. -- Los Angeles County | Aaron's, Inc. -- Georgia; DesignerWare -- Pennsylvania |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Kern County as alleged. |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____  DATE: 4/17/2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

CV-71 (02/13)  CIVIL COVER SHEET  Page 2 of 2